NELSON, Special Administrator, Respondent, vs. DULUTH STREET RAILWAY COMPANY and others, Appellants.

*September 11—October 9, 1928.*

For the appellants there was a brief by *Murphy & Hughes* of Superior and *J. H. Mulally* of St. Paul, Minn., attorneys for the Northern Pacific Railway Company and the Great Northern Railway Company, and *Grace, Fridley & Crawford* of Superior, attorneys for the Duluth Street Railway Company; and the case was argued orally by *Mr. Mulally, Mr. W. P. Crawford,* and *Mr. C. J. Hughes.*

For the respondent there was a brief by *Cadigan & Cadigan* of Superior, and oral argument by *Charles P. Cadigan.*

ROSENBERRY, J.   The only question involved is whether or not the damages as found by the jury are excessive.   On January 6, 1927, a train of the defendant Great Northern Railway Company collided with a street car of the defendant Duluth Street Railway Company at North Twenty-first street crossing in the city of Superior.   The train at the time was by agreement operating over the tracks of the defendant Northern Pacific Railway Company.   Alice Elvira Nelson, a daughter of the plaintiff, was a passenger on the street car and was instantly killed at the time of the collision.   Her father, the plaintiff, was the sole beneficiary of her estate, was duly appointed administrator of her estate, and brought this action under the death statute.   At the trial liability was admitted by each and all of the defendants and the only question litigated was the amount of the damages.

Plaintiff was fifty-nine years of age.   At the time of the accident he had four children: Edna, aged 35; Evy Marie, aged 27; Elvira, aged 22; and Wallace, aged 19.   Edna, Elvira, and Wallace were single and living at home.   Evy Marie was married and lived with her husband.   From the time of the wife's death in July, 1926, Edna and Elvira

(the deceased) kept house for their father. The father, two daughters and son, constituted the family. Prior to Elvira's death Edna had paid $15 a week for her board and room but did not pay anything after that time. After the wife's death Edna had carried on the finances of the home and paid all bills. Plaintiff now gives Edna $100 per month for the upkeep of the home, including living expenses of the family. Prior to her death Elvira had been working for Stack Brothers Dry Goods Company in Superior, receiving $18 per week. Out of the $18 she paid $13 at home and kept $5 for herself. The deceased was an attractive young woman, had a number of admirers and callers, but was not engaged to be married. Her expectancy according to the American table of mortality was 40.85 years. Plaintiff's expectancy according to the same table was 14.74 years. The burial expenses amounted to $300. The jury assessed plaintiff's damages at $7,000.

We need not repeat what has often been said that the question of damages is one peculiarly for the jury; nevertheless the determination of the jury is subject to some limitations. The case is argued here largely upon the propositions laid down in *Secord v. John Schroeder L. Co.* 160 Wis. 1, 150 N. W. 971. It was not intended in that case to intimate that the ascertainment of damages can ever be reduced to a mathematical formula. The matters there specified are elements which the jury may properly take into consideration in arriving at a determination of the amount of damages. It should also be borne in mind that sec. 331.04, Stats., provides:

"In every such action [action for death] the jury may give such damages, not exceeding ten thousand dollars, as they may deem fair and just in reference to the pecuniary injury, resulting from such death to the relatives of the deceased specified in this section."

Were the plaintiff here the husband of the deceased and twenty-five years of age, the limit of recovery fixed by the

legislature would be $10,000. While no attempt can be made to proportion the injuries on the basis of the age of the beneficiaries, the general legislative policy is indicated by the statute.

There is another matter which must be taken into consideration and that is the amount of damages allowed by juries ordinarily under such circumstances. We have given the matters urged in the briefs of the parties here careful consideration and it is considered that the damages as found by the jury are excessive. The defendants therefore will be given an option to consent to an entry of judgment against them for the largest amount which a jury under all the facts and circumstances of the case could properly assess, which is fixed at $4,500. In the event that the defendants do not elect to consent to the entry of judgment for that amount, there shall be a new trial. *Campbell v. Sutliff*, 193 Wis. 370, 214 N. W. 374.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to the trial court to grant a new trial unless the defendants shall elect, within twenty days after notice of the filing of the *remittitur* in the superior court of Douglas county, to have judgment entered against them for the sum of $4,500. If the defendants shall so elect within the time so specified, judgment shall be entered accordingly.

CROWNHART, J. (*dissenting*). The verdict of the jury assessed damages at $7,000. Under the statute the jury may give such damages as they may deem fair and just, not exceeding $10,000. The legislature thereby gave the jury a large discretion, and unless its verdict is so large as to indicate passion or prejudice it should stand. In *Bright v. Barnett & Record Co.* 88 Wis. 299, 60 N. W. 418, where a son had expressed the intention of caring for his parents in their old age, and had made some minor contributions, $4,000 was allowed to stand. That was at a time when

$4,000 would be equivalent to about $7,000 now. In the present case the contributions were much more substantial, and might reasonably have been expected to increase with the increased needs of the father. The father's actual loss, under the evidence, may well have been more than the jury's allowance. The court should not draw a hair line in such a case.

I respectfully dissent.