LAWVER, Appellant, v. CITY OF PARK FALLS, Respondent.

*May 9—June 6, 1967.*

For the appellant there was a brief by *DeBardeleben &
Donlin* of Park Falls, and oral argument by *Arthur
DeBardeleben.*

For the respondent there was a brief and oral argument
by *Donald G. Olson* of Phillips.

HALLOWS, J.   While the plaintiff assigns numerous
errors in urging reversal, we will confine our opinion
to two which are dispositive of this appeal, namely,
whether there was sufficient evidence to find both parties
negligent and whether the apportionment of causal negli-
gence can be sustained.

Laura Lawver lived north of Division street in the city
of Park Falls. It was her custom in going to and from
downtown Park Falls to use the sidewalk on the north side
of Division street.  Division street is an east and west
street and is crossed by Fifth avenue and, farther west,
also by the Omaha railway track.  The fall occurred on
the afternoon of March 20, 1963, about 75 feet west of the
intersection of Division street and Fifth avenue.  On this
day and for some period prior thereto the north sidewalk
of Division street between Fifth avenue and the Omaha
tracks had not been plowed or shoveled and was not usable
by pedestrian traffic.  There is a dispute in the testimony
whether the south sidewalk of Division street was
shoveled.  However, snow had been plowed from Division
street and formed banks along both of its sides to a height
of three to seven feet.  A strip of Division street about
two feet wide and running adjacent to the snowbanks
on each side was covered by rough, rutted ice caused by
automobiles driving in slush during thawing weather
which subsequently froze.  Between these strips of rough
ice and ruts the center of the street was covered with
smooth, slippery ice.

On the day of the accident it had snowed. While return-ing home from downtown Park Falls, Mrs. Lawver, after reaching the jog in Division street at Fifth avenue, walked west in the roadway of Division street on the northerly portion of the plowed area near the snowbank, slipped and fell, sustaining personal injuries. She testified she was walking slowly between the humps and ruts of ice, feeling with her feet and looking down. She also testified her right foot hit a hump of ice or frozen snow about five inches high and about five inches wide and a foot and a half long. Her left foot went into and was held by a rut or hole as she fell, injuring her left ankle. Although the day was not dark and visibility was good, Mrs. Lawver testified she did not see the hump until after she had stumbled over it and she would not say that the snow hid the hump.

The jury was asked whether the city was negligent ". . . with respect to providing a way of travel, without compelling an unreasonable departure from the normal route of travel, alternate to the north sidewalk, for persons going between the Omaha railway track and Fifth Avenue on Division Street in the City of Park Falls, which could be used with reasonable safety by the ordinarily prudent traveler on foot." The jury answered this ques-tion "Yes" and also found the plaintiff was causally neg-ligent in walking on Division street ". . . with respect to caring for her own safety."

The plaintiff contends there is no credible evidence to sustain a finding that the sidewalk on the south side of Division street was cleared of snow and usable for pedes-trian traffic and therefore the jury could not find the plaintiff negligent for walking in the street. Furthermore the plaintiff argues she was not negligent in walking close to the snowbanks in the street and the fresh snow had concealed the hump and the rut. Apparently the jury found the south sidewalk was not clear of snow and there-fore the city was negligent in forcing the plaintiff to

walk in the street. There is no question the city was negligent in not plowing or shoveling the snow on the north sidewalk but we cannot agree with the plaintiff's contentions that she could not be negligent in her manner of walking or in her position in the street because she was forced to walk there.

There is evidence she might have walked closer to the center of the street which the jury could have found to be relatively safer because it was less rutted. If the plaintiff was fearful of traffic approaching from her rear if she walked closer to the center of the street than she did, she could have walked on the other side of the center line of the street facing the traffic. This position is prescribed for pedestrians by sec. 346.28 (1), Stats. Thus the jury could have reasonably found the plaintiff should have walked nearer the center of the road. The plaintiff relies on *Squillace v. Village of Mountain Iron* (1946), 223 Minn. 8, 26 N. W. (2d) 197; but this case is not in point. The court there said the city was negligent in forcing people to walk in the street close to a sloping snowbank, but the case does not hold a person injured while walking along the edge of the snowbank in the street could not be contributorily negligent. There is also evidence from which the jury could have found the plaintiff was negligent as to lookout even though there was fresh snow on the ground. She was looking but she did not see what was there to see.

However, the apportionment of negligence is such that it cannot be sustained. We think as a matter of law that 75 percent causal negligence attributed to a pedestrian forced to walk in the public street and who stumbles over icy ruts is unreasonably disproportionate to the negligence of the city in failing to keep its sidewalks shoveled. We have said many times the apportionment of negligence is for the jury and will not be upset except in unusual cases. *Mullen v. Reischl* (1960), 10 Wis. (2d) 297, 103 N. W. (2d) 49; *Maus v. Cook* (1961), 15 Wis.

(2d) 203, 112 N. W. (2d) 589. However, in unusual cases we have upset the apportionment and either partially determined the apportionment or granted a new trial. In *Firkus v. Rombalski* (1964), 25 Wis. (2d) 352, 130 N. W. (2d) 835, we could not determine the apportionment as a matter of law and therefore granted a new trial on the issue of apportionment. In other cases this court did not accept the apportionment of negligence and found as a matter of law the plaintiff's negligence equaled or exceeded that of the defendant, see *e.g.*, *Kornetzke v. Calumet County* (1959), 8 Wis. (2d) 363, 99 N. W. (2d) 125, or that the negligence of two codefendants was equal, see *Ogle v. Avina* (1966), 33 Wis. (2d) 125, 146 N. W. (2d) 422.

Here, we think the apportionment of negligence cannot be sustained either on the evidence or as a matter of law. While it can be argued that public sidewalks in small towns in the far north which are subject to frequent snowfalls and little pedestrian traffic cannot be kept as clean of snow as the city streets in a metropolitan city in southern Wisconsin, nevertheless a city does have the duty to keep its sidewalks reasonably safe under all the conditions for pedestrian traffic. The conditions and circumstances to be considered in determining the reasonableness of attempts to comply with such duty are discussed in *Stippich v. Milwaukee* (1967), 34 Wis. (2d) 260, 149 N. W. (2d) 618, and *Westler v. Milwaukee* (1967), 34 Wis. (2d) 272, 149 N. W. (2d) 624.

This court cannot hold as a matter of law that the negligence of Laura Lawver under the circumstances of this case was equal to or exceeded that of the defendant and therefore under our present rules of appellate practice, the judgment must be reversed and a new trial granted on the issues of negligence, causation and apportionment. While the plaintiff characterizes the amount of damages as low and extremely conservative, she admits the verdict is supported by the evidence. The amount

is not so low as to be unreasonable or subject to the *Powers* rule. *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393. Since the plaintiff's complaint is not sufficient to constitute a challenge to the evidence, the new trial will not include the element of damages. Since there must be a new trial, we need not discuss the other contentions of the plaintiff except to state we have considered them and find them to be without merit.

*By the Court.*—Judgment reversed, and a new trial granted on all issues excepting damages.

HALLOWS, J. (*concurring*). For the purpose of speaking personally and not for the court, I write this concurring opinion.

Under the present practice an unconditional new trial must be granted. However, the court should give consideration to the adoption of a rule, analogous to the *Powers* rule, for the determination of apportionment of causal negligence at the trial level and the appellate level. True, in the past this court has said that apportionment of negligence is peculiarly within the discretion or province of the jury. See *e.g., Granger v. Mutual Service Casualty Ins. Co.* (1963), 19 Wis. (2d) 302, 304, 120 N. W. (2d) 140; *Zeitlow v. Western Casualty & Surety Co.* (1962), 17 Wis. (2d) 172, 176, 115 N. W. (2d) 758; *Niedbalski v. Cuchna* (1961), 13 Wis. (2d) 308, 318, 108 N. W. (2d) 576. But likewise, prior to the adoption of the *Powers* rule, this court had repeated on numerous occasions the then firmly established rule that "The matter of damages is peculiarly within the discretion of the jury." See *e.g., Spiegel v. Silver Lake Beach Enterprises* (1957), 274 Wis. 439, 450, 451, 80 N. W. (2d) 401; *Boyle v. Larzelere* (1944), 245 Wis. 152, 155, 13 N. W. (2d) 528; *Nelson v. Duluth St. R. Co.* (1928), 197 Wis. 28, 30, 221 N. W. 388; *West v. Day* (1927), 193 Wis. 187, 195, 212 N. W. 648; *Schmidt v. Riess* (1925), 186 Wis.

574, 579, 203 N. W. 362. It is now accepted that this court and trial courts can properly determine a reasonable sum for remittitur purposes when the amount of damages determined by the jury is found to be excessive. On the same basis this court or a trial court can properly determine a reasonable comparison of causal negligence when the jury's determination is found to be excessive with respect to one of the parties. Having found a reasonable comparison, the court could implement it by giving an appropriate option following the general procedure used when the *Powers* rule is applied. *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393; *Moldenhauer v. Faschingbauer* (1967), 33 Wis. (2d) 617, 148 N. W. (2d) 112; *Lucas v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 568, 117 N. W. (2d) 660.

It is true this court has not given much in the way of a standard by which the jury might compare the causal negligence; but as with the amount of damages, there is a range of comparison, determined by good sense, within which a jury should operate and beyond which the comparison should be corrected by the court and an option given to accept it. In *Volkmann v. Fidelity & Casualty Co.* (1946), 248 Wis. 615, 620, 22 N. W. (2d) 660, this court went so far as to state in reversing an apportionment of causal negligence:

"With reference to question 5, where the jury found the amount of causal negligence attributable to the plaintiff to be ten per cent, we consider it was greater than the amount found by the jury and was considerable, but under all the facts in the case we cannot say the court was justified to find as a matter of law that it amounted to more than fifty per cent."

If, in cases such as the instant case, the court could determine the comparison of negligence and grant a new trial to the plaintiff subject to the defendant's option to allow judgment to be entered against him based

on the court's determined apportionment, a substantial saving of both the parties' time and money might be made. Such procedure, too, would comport with and subserve the policy of judicial economy, as does the *Powers* rule. This suggestion is a logical extension of *Bielski v. Schulze* (1962), 16 Wis. (2d) 1, 114 N. W. (2d) 105, and the *Powers* rule.

Of course, as applied to the plaintiff, this suggestion has one serious limitation because sec. 895.045, Stats., denies recovery to the plaintiff if his contributory negligence is as great as the negligence of the person against whom recovery is sought. This section was a liberalization of the old common-law rule which denied recovery completely if there existed the slightest contributory negligence. The full scope of an apportionment rule could only be attained by amending the statute to remove this bar. In justice, there is no reason why a plaintiff who is 52 percent negligent should not recover 48 percent of the amount of his damages. There is nothing magic about being equally at fault so that one should lose all and the other win all. Each tort-feasor should be responsible for his torts to the extent of his percentage of culpability, whether that be less than or more than 50 percent of the total; and conversely, each tort-feasor should be able to recover the amount of his damages caused by himself and another diminished in proportion to the amount of negligence attributable to him.

The option theory applied to comparison of negligence has not been raised or considered by this court and the legislature has not been asked to amend sec. 895.045, Stats. I think both should be done.