BERGMANN and husband, Respondents, v. INSURANCE COMPANY OF NORTH AMERICA and another, Appellants.

*No. 190. Argued November 3, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 348.)

For the appellants there was a brief by *Walter L. Merten* and *Merten, Connell & Sisolak,* all of Milwaukee, and oral argument by *Walter L. Merten.*

For the respondents there was a brief and oral argument by *Alvin L. Zelonky* of Milwaukee.

HEFFERNAN, J. The trial judge failed to issue an opinion setting forth the rationale upon which he changed the jury's verdict, and we are thus deprived of any insight the trial judge might have gathered in making his determination that the evidence did not support the verdict. The rule is clear that, if there is any credible evidence which under any reasonable view fairly admits of inferences which support the jury's verdict, the verdict must be sustained, and neither the trial court nor this court may tamper with it. *Doern v. Crawford* (1967), 36 Wis. 2d 470, 476, 153 N. W. 2d 581; *Rodenkirch v. Johnson* (1960), 9 Wis. 2d 245, 248, 101 N. W.

2d 83; and *Hupf v. State Farm Mut. Ins. Co.* (1961), 12 Wis. 2d 176, 188, 107 N. W. 2d 185. The evidence must be considered in the light most favorable to the jury verdict. *Aetna Casualty & Surety Co. v. Osborne-McMillan Elevator Co.* (1967), 35 Wis. 2d 517, 528, 151 N. W. 2d 113. Furthermore, the trial judge and this court are only to consider the evidence which supports the jury's verdict. *Ziegler v. Wonn* (1963), 18 Wis. 2d 382, 384, 118 N. W. 2d 706. The evidence supporting the verdict must be accepted by the court unless it appears that the evidence is patently incredible. There appears to be no incredibility as a matter of law in the testimony supporting the jury's verdict. In *Willenbring v. Borkenhagen* (1966), 29 Wis. 2d 464, 469, 139 N. W. 2d 53, this court quoted with approval the language of Mr. Chief Justice ROSENBERRY appearing in *Lutzenberger v. Milwaukee Electric Railway & Light Co.* (1937), 224 Wis. 44, 48, 271 N. W. 409:

" '. . . The question here is, Is there credible evidence to sustain the verdict? If there is, even though it be contradicted and the contradictory evidence be stronger and more convincing, nevertheless the verdict of the jury must stand. The credibility of witnesses and the weight of the evidence are for the jury. The court does not retry the question. The court merely ascertains whether there is credible evidence to sustain the verdict. . . .' "

The question properly posed to the jury was whether Gertrude Bergmann was negligent. The trial court properly defined negligence as the "failure to exercise ordinary care . . . that degree of care which under the same or similar circumstances, the great mass of mankind would ordinarily exercise."

The record is replete with evidence from which the jury could properly conclude Gertrude Bergmann had failed to exercise ordinary care. She stopped her car on a downslope of an icy incline. She knew that the road was slippery and testified that she had skidded before

coming to a stop. She had just passed over the crest of the overpass and knew that vision was obstructed until after a vehicle had passed over the crest of the overpass. She stopped her vehicle in the center of the traveled lane, which the driver of an oncoming vehicle would reasonably expect to be free of moving vehicular traffic. Her stopping was something more than momentary, for, as set forth above, she set her handbrake, put the car in neutral, reached for the flashlight, opened the window, and shined the light at the street sign. It is clear that the jury concluded that, under these circumstances, she did not exercise ordinary care. The jury's verdict is a subjective judgment of what it considered negligence based on a standard to which it believed the ordinary mass of mankind would conform. It clearly felt that Gertrude Bergmann's stopping under the circumstances was negligent.

Since the record contains credible evidence from which the jury could have concluded that Gertrude Bergmann was negligent, it was error for the trial court to change the jury's determination, and the verdict must be reinstated.

Although implicit in the trial judge's reversal of the jury's verdict is the finding that the negligence was disproportionate, we cannot conclude that it was so disproportionate as to be unreasonable or shocking to the conscience of this court.

*By the Court.*—Judgment reversed and the cause remanded with directions to reinstate the verdict and for judgment upon the verdict as reinstated.