RODENBECK and another, Appellants, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY and others, Respondents.

*No. 228.   Argued October 7, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 917.)

For the appellants there was a brief by *George S. Stupar* and *Michael P. Stupar,* and oral argument by *Thomas A. Schulz,* all of Milwaukee.

For the respondents there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Donald R. Peterson* of counsel, all of Milwaukee, and oral argument by *Donald R. Peterson.*

WILKIE, J.   Three issues are raised on this appeal:

1.  Is there any credible evidence to support the jury's verdict?

2.  Was defense counsel's closing argument so prejudicial to plaintiff as to require a new trial?

3.  Should this court invoke its power under sec. 251.09, Stats., and reverse the order as a matter of discretion?

### *Credible evidence.*

Appellants contend that the jury verdict was not supported by the evidence.   On review here when a jury verdict is challenged we have repeatedly stated the rule to be:

"[W]e must judge the jury verdict in the light of the familiar rules that (1) a jury verdict will not be upset if there is any credible evidence which under any reasonable view fairly admits of an inference supporting the findings, (2) this is particularly true when the verdict has the blessing of the trial court, and (3) the evidence is to be viewed in the light most favorable to the verdict." [1]

Here the record demonstrates that Gregory crossed against the light in an effort to catch the second bus on the opposite corner of the intersection.   Immediately prior to being struck Gregory could not be seen by the drivers of the oncoming vehicles because he was behind or in front of the bus.   The truck driver slowed down when approaching the intersection, but when the two cars

---

[1] *Delaney v. Prudential Ins. Co.* (1966), 29 Wis. 2d 345, 349, 139 N. W. 2d 48.

ahead of him in the same lane safely entered the intersection, respondent continued forward, hitting Gregory as he ran out from in front of the bus into the street. This evidence supports the verdict that the accident was caused completely by Gregory's negligence. The evidence is credible and we have no hesitation in upholding the jury verdict.

### Defense counsel's closing argument.

Appellants argue that defense counsel's references in closing argument were prejudicial when he referred to the wealth of Alfred Rodenbeck and to the fact that a verdict for plaintiff would result in increased automobile insurance rates. In making this argument appellants face three hurdles, none of which they can clear. First, no objection was made to counsel's argument. Absent such an objection, this court will not consider the issue.[2] Second, no record was made of the allegedly prejudicial closing argument. The usual rule is that absent a showing in the record of a prejudicial argument this court will not consider the alleged error.[3] Third, the circuit court specifically found that the closing argument made here by defense counsel was proper. The rule is as stated in the *Hanes Case*[4] that absent a showing in the record of a prejudicial argument, the trial court's decision on the issue will not be disturbed.

In an effort to overcome these obvious difficulties, appellants submit an affidavit from Gregory's mother stating that the closing argument of defense counsel was prejudicial. Affidavits may not be used to prove facts not

[2] *Metcalf v. Consolidated Badger Co-operative* (1965), 28 Wis. 2d 552, 566, 137 N. W. 2d 457, and cases cited at note 14.

[3] *Hanes v. Hermsen* (1931), 205 Wis. 16, 22, 236 N. W. 646; *Nolop v. Skemp* (1959), 7 Wis. 2d 462, 466, 96 N. W. 2d 826; *see also: Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 256, 257, 137 N. W. 2d 6.

[4] *Supra,* footnote 3.

of record.[5] This rule includes affidavits submitted to the court in an effort to overcome the lack of a record of a closing argument.[6] But even if considered here, the affidavit of an interested party would be overcome by the specific finding to the contrary by the trial court. We conclude, therefore, that the appellants have not demonstrated that the closing argument was prejudicial.

### Reversal in the interest of justice under sec. 251.09, Stats.

The final argument made by appellants is that this court should invoke its discretionary power under sec. 251.09, Stats., and reverse the order of the trial court. This court will not exercise this discretion unless it is convinced that there has been a probable miscarriage of justice—viewing the case as a whole.[7]

Appellants advance two contentions as to why they believe there has been a miscarriage of justice here. The first, the defense counsel's alleged closing argument, has already been considered. Second, appellants' appellate counsel, different from trial counsel, now contends that trial counsel failed to adequately prepare the case. Our review of the trial record shows that there is no merit in this contention. There has been no probable miscarriage of justice. The case was litigated on the basis of whether Gregory was crossing with or against the light. This was a jury question answered in favor of defendants and against Gregory.

*By the Court.*—Order affirmed.

[5] *Harvey v. Hartwig* (1953), 264 Wis. 639, 641, 60 N. W. 2d 377.

[6] *Borowske v. Integrity Mut. Ins. Co.* (1963), 20 Wis. 2d 93, 98, 121 N. W. 2d 287.

[7] *Chapnitsky v. McClone* (1963), 20 Wis. 2d 453, 467, 122 N. W. 2d 400; *Cornwell v. Rohrer* (1968), 38 Wis. 2d 252, 260, 156 N. W. 2d 373.