LOPEZ and another, Appellants, v. PRESTIGE CASUALTY COMPANY, Respondent: MALDONADO and another, Defendants.

*No. 157. Argued November 1, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 908.)

26

For the appellants there was a brief by *Warshafsky, Rotter & Tarnoff,* attorneys, and *Michael I. Tarnoff* of counsel, all of Milwaukee, and oral argument by *Michael I. Tarnoff.*

For the respondent there was a brief by *Arnold, Murray & O'Neill,* attorneys, and *Robert C. Watson* of counsel, all of Milwaukee, and oral argument by *Mr. Watson.*

ROBERT W. HANSEN, J. This appeal challenges the jury verdict as to damages sustained: (1) By the plaintiff, Albert Lopez; and (2) by the plaintiff, Vincent Segura. The jury's determination of damages as to each was upheld by the trial court.

(1) *As to plaintiff-appellant Lopez.*

Was the jury finding that appellant Lopez was entitled to no damages supported by any credible evidence? The jury found respondent's insured 100 percent negligent. The jury found that such negligence caused the accident. Since there is uncontroverted evidence of an injury to Lopez, appellant's counsel contends that the jury had to award some damages. It is certainly true that a jury may not disregard "[p]ositive uncontradicted testimony as to the existence of some fact, or the happening of some event . . . in the absence of something in the case which discredits the same or renders it against reasonable probabilities. . . ." [1] However, proof of an accident and proof of an injury do not, ipso facto, establish that such injury was caused by such accident. The two must be linked to establish liability, and there must be a finding of liability to require an award of damages.[2] Here the trial court found that the jury believed that the injury was not caused by the accident, and the issue is whether there is credible evidence to support the conclusion that appellant Lopez was not injured in the accident.

The only evidence that injury was caused by the accident is the statement made by appellant to a doctor at the Milwaukee County Hospital. (Three hours after the accident appellant sought and secured medical treat-

---

[1] *Thiel v. Damrau* (1954), 268 Wis. 76, 85, 66 N. W. 2d 747; in accord: *State v. Public Service Comm.* (1962), 16 Wis. 2d 231, 238, 114 N. W. 2d 454.

[2] *See: Gorski v. Milwaukee* (1964), 23 Wis. 2d 517, 522, 127 N. W. 2d 771.

ment for an injury to his hand.) The statement or declaration of appellant to the doctor was recorded in the hospital records and admitted, over objection, at the trial, under the "regular entry" exception to the hearsay rule.[3] This evidence on this issue was before the jury but so was all other evidence on the point or link involved.[4]

Such other evidence, in this case, supporting the conclusion that appellant Lopez was not injured in the accident, included the testimony of the police officer who investigated the accident and stated he was not aware of any injuries to the passengers in the car. The driver of the truck testified that he observed no injuries. In addition, there is the physical fact of an unexplained delay between the time of the accident, 3 p. m., and the time appellant Lopez appeared at the hospital, 6:15 p. m.

Finally, there is the matter of appellant Lopez not being present at the time of trial. Properly, the trial court instructed the jury that, if a party to an action fails to appear and fails to give a satisfactory explanation of the fact of absence, the jury may infer that the evidence which he would give would be unfavorable to his case.[5] Clearly such inference here supports the defense conten-

[3] See: Sec. 889.25, Stats. See also: Chapnitsky v. McClone (1963), 20 Wis. 2d 453, 459–461, 122 N. W. 2d 400; Tri-Motors Sales, Inc. v. Travelers Indemnity Co. (1963), 19 Wis. 2d 99, 119 N. W. 2d 327.

[4] See: F. Dohmen Co. (Limited) v. Niagara Fire Ins. Co. (1897), 96 Wis. 38, 47, 71 N. W. 69.

[5] The instruction given by the trial court, in accordance with Wisconsin Jury Instructions—Civil 410, was as follows: "You are instructed that if a party or a witness fails to call a material witness or a party within his control or whom it would be more natural for that party to call than the opposing party and the party fails to give a satisfactory explanation for his failure to call the witness, then you may infer that the evidence which he would give would be unfavorable to the party failing to call him. I have specific reference to . . . Mr. Lopez."

tion that appellant was not injured in the accident. Urging a reversal in the interest of justice, appellant's counsel argues that ". . . Mr. Lopez' absence clearly caused the jury to be influenced in their answers; . . ." However, as the trial court in its decision on motions after verdict pointed out, it was the defendants who objected to proceeding with the case in the absence of plaintiff Lopez, asserting that his whereabouts were not established, his actual existence in question, and that they were deprived of rights to examine him. Plaintiff-appellant's counsel complains now of a decision he made then. It is true that the opportunity for appellant Lopez to give direct testimony on his being injured in the accident was lost by his absence. But that is not the whole picture. Also avoided was the cross-examination on this and other issues. The party to an action cannot take the witness stand for direct examination only. The balancing of what is risked against what may be gained makes the decision to proceed in the absence of a party, over objection, entirely a tactical one. The standard instruction merely adds an entirely reasonable disadvantage to what may be very real advantages of absence in certain situations.

It may well be, as the trial court stated, that electing to proceed in a personal injury action without the plaintiff being present is ". . . very perilous for the plaintiff." There are also obvious risks run in putting a party plaintiff on the witness stand, or having him available for adverse examination before trial. It is too late on appeal to retract the decision made as to which set of risks is to be run.

(2) *As to plaintiff-appellant Segura.*

Were the damages awarded to appellant Segura so inadequate as to indicate perversity on the part of the jury? Appellant Segura was awarded $132 for medical expenses, $150 for loss of earnings, and $350 for pain

and suffering. Appellant's counsel contends that this award of damages is so inadequate as to demonstrate perversity on the part of the jury. The trial court found the figures arrived at "low" but refused to change the answers to the damages question, and refused to set aside the verdict. On review of a damage verdict, upheld by the trial court, the rule is:

"If there is any credible evidence which under any reasonable view supports the jury finding as to damages, especially when the verdict has the approval of the trial court, this court will not disturb the finding. Even when it still appears that the award is low, this court will not interfere with the jury's finding unless the award is so unreasonably low as to shock the judicial conscience. . . ." [6]

Under this rule and by this test, the jury finding as to damages is not to be disturbed, nor found to be perverse, in any or all of three areas of challenge:

*Medical expenses.* The award for medical expenses exactly equaled appellant Segura's medical bills.

*Loss of earnings.* The award for loss of earnings represents approximately ten days' wages. There is testimony, not disputed, that appellant Segura did not work for approximately three weeks after the accident. However, appellant himself testified that, several days prior to the accident, he had decided to take some time off and for this reason had quit his job on January 27, 1967, four days before the accident. Given this testimony of wishing not to work for awhile, the jury verdict as to loss of earnings is supported by the evidence.

*Pain and suffering.* The award for pain and suffering is $350. Viewing the evidence in a light most favorable to the jury verdict, it would appear that the evidence as to pain and suffering was largely subjective. Review of

[6] *Puls v. St. Vincent Hospital* (1967), 36 Wis. 2d 679, 693, 154 N. W. 2d 308.

the doctor's testimony indicates that appellant's complaints were largely as to tenderness in the area affected but without limitation of motion. Additionally, appellant Segura was treated at the county hospital on the day of the accident, January 31, 1967. But he did not seek or secure further treatment until March 13, 1967—after he retained legal counsel to press his claim for damages. An injured party has a duty to mitigate damages by seeking proper medical attention.[7] An inference as to the amount of pain endured clearly can be derived from the time lag in seeking medical treatment. On appeal, the finding of the trial judge that the damage verdict is supported by the evidence is to be set aside only if there is an evident abuse of discretion.[8] Compensation for pain and suffering is hard to measure.[9] Here the jury evaluation, sustained by the trial court, appears to us to be a low but reasonable compensation to appellant Segura on the facts disclosed by the evidence.[10] It cannot be found to be perverse.

This court is reluctant to upset a jury verdict when it has been approved and upheld by the trial court.[11] Here, considering as we must the evidence most favorable to the jury verdict,[12] and only the evidence which supports the verdict,[13] we find that credible evidence

[7] *Collova v. Mutual Service Casualty Ins. Co.* (1959), 8 Wis. 2d 535, 539, 99 N. W. 2d 740.

[8] *Page v. American Family Mut. Ins. Co.* (1969), 42 Wis. 2d 671, 681, 168 N. W. 2d 65.

[9] *Butts v. Ward* (1938), 227 Wis. 387, 404, 279 N. W. 6.

[10] *Helleckson v. Loiselle* (1967), 37 Wis. 2d 423, 430, 155 N. W. 2d 45, citing Ghiardi, *Personal Injury Damages in Wisconsin,* Wisconsin Continuing Legal Education Journal, 1964.

[11] *Carr v. Amusement, Inc.* (1970), 47 Wis. 2d 368, 371, 177 N. W. 2d 388.

[12] *Bergmann v. Insurance Company of North America* (1970), 49 Wis. 2d 85, 88, 181 N. W. 2d 348.

[13] *Id. See also: Ziegler v. Wonn* (1963), 18 Wis. 2d 382, 384, 118 N. W. 2d 706.

supports the verdict. The verdict and judgment thereon, as to both appellants Lopez and Segura, must stand.

*By the Court.*—Judgment affirmed.

WILKIE, J. (*dissenting in part*). I respectfully dissent from that portion of the majority opinion affirming the judgment denying any recovery to Lopez. The trial court thought the jury verdict as to Lopez "appears to be a very harsh outcome." Indeed it is. It is a wholly unjust ending to a tragic drama in which Lopez, obviously injured in the accident, is denied any recovery for his broken hand simply because he did not appear at the trial to give evidence of this fact. Justice has miscarried. True, there is some slight evidence which would support a jury determination that he had not injured his hand in the accident. The police officer who investigated the accident was not aware of any injuries to the passengers of the cars. The driver of the second car observed no injuries. Yet the jury, while denying any recovery to Lopez, found that Segura was injured in the same accident. The jury was punishing Lopez for his nonappearance. Although we are reluctant to order a new trial in the interest of justice under sec. 251.09, Stats., this is obviously a case where such a new trial should be ordered.

I have been authorized to state that Mr. Chief Justice HALLOWS joins in this opinion.