DAVIS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 26. Submitted under sec. (Rule) 251.54 October 31, 1973.—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 139.)

For the plaintiff in error the cause was submitted on the brief of *Anthony K. Karpowitz,* Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HANLEY, J. The sole issue presented on this review is whether or not the alleged improper prosecutorial

comment constituted a denial of the defendant's right to due process of law and a fair trial and thus warrants a new trial.

This court has continually held that if counsel wishes to preserve for appeal an allegedly improper prosecutorial comment made during closing arguments to the jury, he must move for a mistrial upon those grounds. *State v. McGee* (1971), 52 Wis. 2d 736, 190 N. W. 2d 893; *State v. Ruud* (1969), 41 Wis. 2d 720, 165 N. W. 2d 153; *Price v. State* (1967), 37 Wis. 2d 117, 154 N. W. 2d 222, certiorari denied, 391 U. S. 908, 88 Sup. Ct. 1662, 20 L. Ed. 2d 423; *Kink v. Combs* (1965), 28 Wis. 2d 65, 135 N. W. 2d 789. Failure to so move for a mistrial constitutes a waiver of that objection. If defense counsel had not intended to so waive his complaints there existed ample opportunity to make said motion on the record. The closing argument could have been made of record but it was not. Arguments of counsel made in chambers as to the propriety of the closing argument could and often should be made of record so as to preserve these contents for appeal. Here they were not. Defense counsel could have moved for mistrial after the court charged the jury. He did not do so.

We conclude that because of defense counsel's failure to move for a mistrial on the grounds of the alleged impropriety of the prosecutor's closing argument, he has waived those complaints.

*By the Court.*—Judgment and orders affirmed.