SMITH, Plaintiff in error, v. STATE, Defendant in error.

*No. State 103.   Submitted September 10, 1974, under sec. (Rule)*
*251.54.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 687.)

The cause was submitted for the plaintiff in error on the briefs of *Howard B. Eisenberg,* state public defender,

and *Garrett N. Kavanagh,* assistant state public defender, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *David J. Becker,* assistant attorney general.

CONNOR T. HANSEN, J.   On November 17, 1972, Jack Savidusky, proprietor of Savidusky's Fur Quarters in Madison, Wisconsin, was the victim of an armed robbery. At defendant's trial, the state introduced evidence indicating that the robber was a man named Maurice Haynes; that defendant was present at the robbery; that she assisted in carrying stolen furs from the victim's store; and that she was arrested in a motel where she and Maurice Haynes stopped after the robbery.

Defendant testified she knew Haynes socially, and that she had accepted a ride with him from Chicago to Minneapolis and back in order to visit friends. She stated that Haynes stopped in Madison, saying that he wanted to get a present for his wife. Defendant further testified that Haynes parked the car on a street near Savidusky's Fur Quarters and told her to wait in the car. After she had waited about twenty-five minutes, defendant stated she went looking for Haynes. She testified that she went in the direction he had gone but was unable to find him so she went into a store and inquired if a man had been there to get a gift for his wife. A clerk there told defendant that Haynes had not been in the store, so defendant looked around for him, finally spotting him in Savidusky's. She testified that she was helping Haynes select a fur for his wife when Haynes suddenly became violent and knocked Mr. Savidusky to the floor. Haynes ordered defendant to carry some furs out of the store to Haynes' car. Haynes had a gun. Defendant testified that she continued to cooperate with Haynes because he knew her family and she feared he would hurt her or her family. Defendant stated that when she was arrested,

she was in the process of escaping from Haynes. She said she had no intention of reporting the incident because she feared reprisals from Haynes.

The dispositive issue in this case is whether a new trial should be granted because of an alleged improper, prejudicial and unrecorded statement of the prosecutor in his rebuttal argument to the jury.

Defendant offers three reconstructions of the unrecorded remarks:

1. (In the trial judge's chambers, after the jury retired, in support of motion for mistrial) ". . . He stated to the Jury that they [State] had no knowledge of what store Billie Smith said she went into. . . ."

2. (In affidavit supporting motion for new trial) ". . . the prosecutor stated that the prosecution was unable to locate and identify certain potential witnesses who would testify as to whether or not Billie Smith had entered an adjacent premise looking for Mr. Haines [sic] as she had testified. He stated that from her testimony there was not sufficient definiteness so as to locate the premises and identify the parties, further stating that the prosecution was unable to call these people as witnesses because the prosecution had been unable to identify and locate the people. . . ."

3. (In the motion for new trial) ". . . the prosecutor asserted that the state was not aware of the other store that the defendant claimed to have been in and was unaware of the witnesses in that store. . . ."

At the time the alleged improper remarks were made, defense counsel asked, "Your Honor, may I make a record on that statement?" The court replied, "No, you may not. Sit down please."

At the close of argument, the jury was instructed and retired to deliberate. Defense counsel then moved for a mistrial based on the alleged improper remarks. The

court denied the motion. After verdict, a motion for a new trial was also made and denied.

The closing argument in the present case was not recorded. Neither counsel made a proper request before the commencement of argument as provided in sec. 256.55 (3), Stats.

As a general rule, this court will not consider an alleged error in closing argument absent a showing in the record of what was said. *Rodenbeck v. American Mut. Liability Ins. Co.* (1971), 52 Wis. 2d 682, 685, 190 N. W. 2d 917; *Beck v. Fond du Lac Highway Committee* (1939), 231 Wis. 593, 602, 286 N. W. 64. This court has also held that the absence of a record cannot be cured by reconstruction of the remarks contained in a post-trial affidavit. *Rodenbeck, supra,* pages 685, 686; *State v. Tew* (1972), 54 Wis. 2d 361, 363, 195 N. W. 2d 615.

However, in *State v. Tew, supra,* page 363, this court undertook a review of an unrecorded argument where the defendant referred to the remarks in a written motion after verdict and the prosecutor admitted making the remarks. Further, in *Davis v. State* (1973), 61 Wis. 2d 284, 212 N. W. 2d 139, this court indicated in dicta contained in footnote 1, page 286, that it would review allegedly improper remarks in an unrecorded argument where the trial court reconstructed the remarks for the record.

The reasons for not undertaking review where the exact remarks are not in the record are obvious. Slight changes in wording, emphasis and context may materially alter the perceived substance of the remarks. *Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 257, 137 N. W. 2d 6. The alleged remarks in the present case are particularly susceptible to that criticism as is shown by the wide variations in the three attempts by defendant to reconstruct the remarks. Unlike the unmistakable thrust of the remarks reconstructed by the

trial court in *Davis, supra*,[1] there are at least two reasonable interpretations of the remarks depending on which, if any, of the reconstructions offered by the defendant are accurate.

One interpretation argued by the defendant is that the police, after extensive investigation, were unable to find the store which defendant claimed to have entered. The other interpretation is that defendant's failure to tell her story to anyone but her attorney prevented the authorities from making a full investigation. The latter interpretation relates to the uncooperativeness of defendant, a point emphasized in cross-examination of defendant; therefore, it would not have been improper.

Defendant's contention that this case falls under the rule *State v. Tew, supra,* is without merit. In order to so hold, this court would have to rule that the silence of the prosecutor is deemed an admission that the remarks were made. From the record, it appears that each time the issue of the alleged remarks was raised by the defendant, there was neither opportunity nor necessity for the prosecutor to respond. Under these circumstances, prosecutor's silence cannot reasonably be construed as an admission.

A full and accurate statement of the alleged remarks is not a part of the record before this court. The issue is raised upon the basis of three attempted reconstructions of the alleged statement by the defendant which were subject to various reasonable interpretations and inferences. Under these circumstances, we cannot say that the trial court abused its discretion in denying the motion for a new trial. The other issues raised, all relat-

---

[1] In *Davis*, the defendant was not permitted to introduce evidence on an alibi by a ruling of the trial court. Defendant only made one statement on the stand to the effect that he wasn't at the scene of the robbery. The alleged improper argument by the prosecutor was that defendant said he wasn't there, "where was he?"

ing to the alleged statements, are therefore of no consequence on this review.

*By the Court.*—Judgment and order affirmed.