Cᴏᴜʀᴛ ᴏꜰ Bᴀʀʀᴏɴ, Appellant, vs. Covey, Respondent.

*September 16—October 11, 1955.*

For the appellant there was a brief and oral argument by *George Strang,* city attorney.

For the respondent there was a brief and oral argument by *Charles R. Ellefsen* of Balsam Lake.

CURRIE, J. Upon the trial, the trial court ruled inadmissible testimony of a police officer to the effect that after defendant's arrest he refused the officer's request that defendant supply a sample of his urine for the purposes of subjecting the same to a chemical test to determine its alcoholic content. A proper offer of proof was made by the city attorney of the rejected testimony following such adverse ruling. The sole question on this appeal is whether the ruling of the trial court rejecting such testimony constituted prejudicial error.

Sec. 8, art. I of the Wisconsin constitution, provides in part as follows: "No person shall . . . be compelled in any criminal case to be a witness against himself."

Sec. 325.13 (2), Stats., reads as follows:

"In all criminal actions and proceedings the party charged shall, at his own request, but not otherwise, be a competent witness; but his refusal or omission to testify shall create no presumption against him or any other party thereto."

Counsel for the defendant contends that the admission of such excluded testimony would have violated the above-quoted constitutional and statutory provisions.

We do not consider that the provisions of sec. 325.13 (2), Stats., have any application to the question before us on this appeal because such statute by its express terms is limited to a failure of a defendant in a criminal prosecution to testify.

In the instant case no request was made of the defendant to testify or make any statement by word of mouth. For a proper application of such statute see *State v. Jackson* (1935), 219 Wis. 13, 261 N. W. 732, where it was held that such statute rendered it an impropriety for the district attorney to have commented in his argument to the jury upon the failure of the defendant to have taken the witness stand during the course of the trial.

Whether the constitutional provision against self-incrimination is applicable to the facts of the case at bar would seem to be ruled by the decision of this court in *Green Lake County v. Domes* (1945), 247 Wis. 90, 18 N. W. (2d) 348, 159 A. L. R. 204. In that case defendant was prosecuted for violating a county ordinance prohibiting the operation of an automobile while intoxicated. Defendant was found guilty by the jury and on appeal he contended that error had been committed by admitting over his objection the testimony of a physician of his findings as to intoxication as a result of a physical examination made of the defendant. Defendant claimed he did not voluntarily submit to such examination but was compelled to submit thereto against his will, and, therefore, his constitutional right against self-incrimination had been violated. This court held that the admission of the testimony of the physician of the results of such physical examination of the defendant did not violate sec. 8, art. I of the Wisconsin constitution, and in support of such conclusion quoted from the opinion of Mr. Justice HOLMES in *Holt v. United States* (1910), 218 U. S. 245, 252, 31 Sup. Ct. 2, 54 L. Ed. 1021, as follows:

"It is objected that he did this under the same duress that made his statements inadmissible, and that it should be excluded for the same reasons. But the prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material."

For additional authorities holding that constitutional provisions against self-incrimination are confined to testimonial utterances, see 8 Wigmore, Evidence (3d ed.), pp. 374, 375, sec. 2265; Morgan, The Law of Evidence, 1941–1945, in 59 Harvard Law Review, 481, 523; Anno. 164 A. L. R. 967, 972; *State v. Duguid* (1937), 50 Ariz. 276, 72 Pac. (2d) 435; *State v. Sturtevant* (1950), 96 N. H. 99, 70 Atl. (2d) 909; and *State v. Cram* (1945), 176 Or. 577, 160 Pac. (2d) 283, 164 A. L. R. 952.

The question of whether the admission of testimony that a defendant, who is being prosecuted for drunken driving, refused to submit to a blood test or to provide a sample of urine for a urinalysis, would violate state constitutional provisions against self-incrimination has been passed upon by the courts of Iowa, Ohio, and Virginia. These courts are unanimous in holding that the admission of such testimony does not contravene the constitutional provisions of those states against self-incrimination. *State v. Benson* (1941), 230 Iowa, 1168, 300 N. W. 275; *State v. Gatton* (1938), 60 Ohio App. 192, 20 N. E. (2d) 265; *State v. Nutt* (1946), 78 Ohio App. 336, 65 N. E. (2d) 675; and *Gardner v. Commonwealth* (1954), 195 Va. 945, 81 S. E. (2d) 614. *State v. Gatton, supra,* was one of the authorities cited with approval by this court in *Green Lake County v. Domes, supra.*

We do not deem that the recent much-publicized decision of the United States supreme court in *Rochin v. California* (1952), 342 U. S. 165, 72 Sup. Ct. 205, 96 L. Ed. 183, in any way weakens the authority of the cases hereinbefore cited. The majority opinion in the *Rochin Case* was not based upon any principle of denial of due process to the accused, because the admission of the evidence as to the contents of his stomach constituted self-incrimination, but rather that the brutality of the police officers in exerting physical force to obtain such evidence was "conduct that shocks the conscience" (p. 172).

We, therefore, conclude that the offered testimony on the part of the plaintiff city in the instant case, as to defendant's refusal to furnish a sample of urine for chemical analysis, could not properly be excluded on the ground of violating sec. 8, art. I of the state constitution.

Sec. 85.13 (4), Stats., provides in part as follows:

"Upon the trial of any action or proceeding arising out of acts alleged to have been committed by any person arrested for operating a motor vehicle while under the influence of intoxicants, the court *may admit* evidence of the amount of alcohol in the defendant's blood taken within two hours of the time of the arrest, as shown by a medical or chemical analysis of such defendant's breath, blood, urine, or saliva." (Italics supplied.)

Counsel for the defendant advances the further contention that, inasmuch as sec. 85.13 (4), Stats., vests some discretion in the trial court as to admitting evidence of chemical analysis of the defendant's blood or urine, the trial court should be accorded the same discretion with respect to admitting testimony as to defendant's refusal to furnish a sample of his blood or urine for the purpose of making such a test thereof. We consider that there is merit to such contention.

What the limits, if any, are as to the discretion possessed by trial courts, with respect to excluding evidence of the results of one of the tests mentioned in sec. 85.13 (4), Stats., has not as yet been spelled out by court decision. However, so long as the statute vests some discretion in a trial court as to admitting or excluding such evidence, we hold that it lies within the discretion of the trial court to admit or exclude testimony that a defendant in a drunken-driving-prosecution case refused a request to submit a sample of blood or specimen of urine for the purpose of having the same subjected to a chemical test to determine alcoholic content.

We, therefore, conclude that the exclusion of the offered testimony in the instant case as to defendant's refusal to supply a specimen of urine was not prejudicial error.

*By the Court.*—Judgment affirmed.