HARRIS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 22. Argued October 8, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 198.)

For the plaintiff in error there was a brief and oral argument by *Salvatore C. Quarino* of Milwaukee.

For the defendant in error the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HALLOWS, C. J.    The central issue on this appeal is whether a voluntary statement made by Detective Joseph Cherney, in testifying for the state, was so prejudicial as to require a new trial.    During direct examination Detective Cherney testified that during part of the day on which the burglary occurred he had kept Harris under surveillance.    In describing the arrival of Harris and others at Harris' apartment, the detective stated, "They [Harris and one Norman Pozorski] were in the apartment and about five minutes later another known convicted safecracker appeared on the scene and also entered the apartment Number 16."    The objection to the remark was sustained by the trial court and the jury was admonished to disregard the detective's statement.    At the conclusion of the testimony, the court denied Harris' motion for a mistrial and after verdict denied his motion for a new trial.

It was well stated in *Paulson v. State* (1903), 118 Wis. 89, 94 N. W. 771, that one cannot be deemed to have been fairly tried on the question of guilt when the mind of

the jury has been prejudiced by proof of the bad character of the accused or of his former criminal misconduct which is not properly in evidence. The nature of prior convictions may be introduced in evidence if a defendant takes the stand and denies having been previously convicted. *Nicholas v. State* (1971), 49 Wis. 2d 683, 183 N. W. 2d 11; *see* sec. 885.19, Stats. Some convictions for certain types of crime may be admitted in evidence to show an intent or a scheme where that is an element of the crime charged. *Whitty v. State* (1967), 34 Wis. 2d 278, 149 N. W. 2d 557; *State v. Stevens* (1965), 26 Wis. 2d 451, 132 N. W. 2d 502. Here, however, there was no justification for intimating Harris was a convicted safecracker. Law enforcement witnesses should be cautioned not to intentionally or unintentionally brand a defendant as a convict in their court testimony and thereby jeopardize the fairness of the criminal prosecution and possibly cause the expense of a new trial or an appeal.

Generally, whether remarks of witnesses or an attorney have such a prejudicial effect that a new trial should be granted is a question of fact. It has been held that the erroneous admission of a confession in evidence in violation of a constitutional right is as a matter of law not error harmless beyond a reasonable doubt and requires a new trial. *Pulaski v. State* (1964), 24 Wis. 2d 450, 129 N. W. 2d 204; *Chapman v. California* (1967), 386 U. S. 18, 87 Sup. Ct. 824, 17 L. Ed. 2d 705, rehearing denied, 386 U. S. 987, 87 Sup. Ct. 1283, 18 L. Ed. 2d 241. We think the remark of Cherney is of such a nature it does not go directly to the issue of guilt as a confession by the accused does and therefore should be considered in the context of the other facts of the case by the court in determining whether in fact the remark was harmless beyond a reasonable doubt.

In such determinations, the curative effect of the court's admonition to the jury to disregard the evidence

may be considered. *Blackwell v. State* (1969), 42 Wis. 2d 615, 167 N. W. 2d 587. Here, the remark was stricken as not responsive as to the question and the jury was admonished to disregard it. If this were all of the surrounding circumstances, it probably would not be sufficient. But, the evidence in support of the guilt is so strong and convincing that it renders any potential harmfulness of the remark nugatory.

Detective Cherney testified he saw Harris and a white male passenger drive in the direction of St. Gerard's School in the late afternoon of the day of the burglary. Later that evening he observed Harris arrive at his apartment in the company of Norman Pozorski. Harris removed a five-foot red crowbar from the rear of the car and put it in the trunk. Pozorski transferred a leather bag from inside the car to the trunk. The bag appeared to be heavy and made a loud metal-on-metal noise when thrown into the trunk. Harris removed a cardboard box from the car and carried it into the apartment. Another officer testified the safe in St. Gerard's School was opened by a "peel job" which necessitated the use of a heavy hammer, chisels and pry bars. A search of the Harris car disclosed chisels, punches, a puller tool, pry bars, sledge hammers and a hatchet. It was stipulated that paint chips from the scene of the burglary matched those found in vacuum sweepings of the car and that marks on the safe handle were made by the sledge hammer found in Harris' car.

The secretary of St. Gerard's Church testified the safe contained $685 in bills, $234 in coins, and $222 in checks. The bills were separated by denominations and put into wrappers marked with St. Gerard's stamp and bank account number. The coins were in rolls of pennies, nickels, dimes and quarters. Several church calendars had been strewn around near the safe and the cardboard box in which they had been kept was missing. In a search of

Harris' apartment, numerous rolls of wrapped coins were discovered in his bedroom. In the purse of a woman who was in the apartment, officers found currency in three separate bundles of 50 $1 bills, each wrapped in a paper band with St. Gerard's name and account number on it.

This evidence against Harris is more than sufficient to convince a jury beyond a reasonable doubt of his guilt and the remark of Cherney added little or nothing. In burglary cases the evidence is generally circumstantial and we have often said this may be as strong as direct evidence in convincing the trier of fact as to the required degree of certitude. *State v. Johnson* (1960), 11 Wis. 2d 130, 135, 104 N. W. 2d 379; *Kopacka v. State* (1964), 22 Wis. 2d 457, 126 N. W. 2d 78; *State v. Heidelbach* (1971), 49 Wis. 2d 350, 182 N. W. 2d 497.

Harris' defense consisted mainly of an alibi. He claimed he loaned his car to one Ramazine on the evening of the burglary, intimating Ramazine, who died shortly after the burglary, had committed the burglary. The jury did not believe the alibi witnesses and there is nothing in their testimony which would render it believable or credible if Detective Cherney had not made his inadmissible remark.

Nor do we think the remark was unduly prejudicial because it forced Harris to take the stand as he claimed. His taking the stand to testify was dictated by his alibi defense, not by the remark of Detective Cherney. His counsel foreclosed any proof by the state of the nature of prior convictions by having Harris admit he had been previously convicted of crime. Whether Cherney made the remark or not, this trial tactic would have been the same.

Since there is more than sufficient evidence of guilt to convince a jury beyond a reasonable doubt independent of any effect of the inadmissible remarks, the error may be disregarded because even if the jury failed to follow

the instruction to disregard the remark, such failure would not be determinative of the result. *Oseman v. State* (1966), 32 Wis. 2d 523, 145 N. W. 2d 766; *State v. Midell* (1968), 39 Wis. 2d 733, 159 N. W. 2d 614; *see also: Brown v. Allen* (1953), 344 U. S. 443, 459, 73 Sup. Ct. 397, 97 L. Ed. 469. We believe the remark was harmless in fact beyond a reasonable doubt.

*By the Court.*—Judgment and order affirmed.