STATE, Respondent, v. TEW, Appellant.

*No. State 121. Argued March 2, 1972.—Decided March 30, 1972.*
(Also reported in 195 N. W. 2d 615.)

The cause was submitted for the appellant on the brief of *Alex S. Kosa* of Hudson, and for the respondent on the brief of *Robert W. Warren,* attorney general, and *Richard J. Boyd,* assistant attorney general.

HALLOWS, C. J. Several assignments of error are made, but none of them has sufficient merit to require a reversal.

On October 12, 1968, C. J. Koller, a River Falls car dealer, sold a Pontiac automobile to Floyd D. Tew, who at the time traded in his 1963 Oldsmobile and signed a conditional sales contract. The contract called for a down payment of $200, which was not paid. Nor was the sales tax paid. However, Koller gave possession of the car to Tew who was to return in a few days and make the payment and sign other papers involved in the transaction. Tew never came back but left Wisconsin and went to Minnesota and subsequently to Idaho. Koller did not file the conditional sales contract but did discount it with the bank. In January of 1969, he com-

plained to the district attorney and this action was commenced.

As there was some controversy over the identity of Tew, the prosecutor in his opening remarks at the trial stated the evidence would show Tew had refused to be fingerprinted. The opening arguments were not recorded but defense counsel referred to the statement in a written motion after verdict. The prosecutor admitted making the remarks and the trial court ruled on the propriety of the state's argument and denied the motion. The remarks are sufficiently in the record for this court to consider the issue and to distinguish this case from cases wherein this court has refused to reach the issue of the impropriety of remarks of counsel because the only indication of the substance of the remarks was in an appellant's affidavit submitted in support of a post-trial motion or as part of an appellate brief.[1]

On the merits, the remark cannot be analogized to a comment by a prosecutor concerning a defendant's invocation of his fifth amendment privilege against self-incrimination. This, of course, the prosecutor cannot do. *Griffin v. California* (1965), 380 U. S. 609, 85 Sup. Ct. 1229, 14 L. Ed. 2d 106; *State v. Spring* (1970), 48 Wis. 2d 333, 179 N. W. 2d 841. However, a defendant has no fifth amendment right to refuse to be fingerprinted, as the fifth amendment privilege extends only to oral testimonial activity, and not to fingerprinting, photographing, or measuring the defendant. *Schmerber v. California* (1966), 384 U. S. 757, 86 Sup. Ct. 1826, 16 L. Ed. 2d 908; *see also: United States v. Wade* (1967), 388 U. S. 218, 87 Sup. Ct. 1926, 18 L. Ed. 2d 1149; *California v. Byers* (1971), 402 U. S. 424, 91 Sup. Ct.

---

[1] *See Beck v. Fond du Lac Highway Committee* (1939), 231 Wis. 593, 286 N. W. 64; *Borowske v. Integrity Mut. Ins. Co.* (1963), 20 Wis. 2d 93, 121 N. W. 2d 287; *Rodenbeck v. American Mut. Liability Ins. Co.* (1971), 52 Wis. 2d 682, 190 N. W. 2d 917.

1535, 29 L. Ed. 2d 9; Annot. (1969), *Physical Examination or Exhibition of, or Tests Upon, Suspect or Accused, As Violating Rights Guaranteed by Federal Constitution —Federal Cases*, 22 L. Ed. 2d 909, 917. Similarly, the Wisconsin Constitution, art. I, sec. 8, provides "No person shall . . . be compelled in any criminal case to be a witness against himself," and in *Barron v. Covey* (1955), 271 Wis. 10, 72 N. W. 2d 387, this court held this provision related only to testimonial utterances and did not render inadmissible evidence the defendant in a drunken-driving prosecution refused to submit to the taking of a urine sample. This construction of art. I, sec. 8, was approved in *Waukesha v. Godfrey* (1969), 41 Wis. 2d 401, 164 N. W. 2d 314.

Here, the prosecutor had intended to put evidence in the record to substantiate his claim Tew had balked at fingerprinting but forgot to do so.[2] The court gave instruction Wis J I—Criminal 160 on arguments of counsel which states arguments of counsel are not evidence, although the instruction refers only to closing arguments. As was stated in *Harris v. State* (1971), 52 Wis. 2d 703, 705, 191 N. W. 2d 198, remarks of a witness or counsel, even if objectionable, are not a sufficient basis for a reversal if, given the overall evidence of guilt and curative effect of instructions, no prejudice is shown.

Tew contends the court erred in instructing the jury that the failure to file the security agreement was irrelevant. The court instructed the jury by reading Wis J I—Criminal 1470, which relates to the crime charged in sec. 943.25 (2) (a), Stats.[3] The court charged the

---

[2] In *Paulson v. State* (1903), 118 Wis. 89, 94 N. W. 771, this court stated, although it would presume the district attorney thought he could produce witnesses to prove any statement made in his opening argument, any statement made in the absence of such well-founded belief would be improper, for which the prosecutor could not be too strongly reprehended.

[3] "943.25 **Transfer of encumbered property.** . . .

second element of the offense required that another person hold a security interest in the property and a security interest meant an interest in property which secures the payment or the performance of an obligation, such as is evidenced by a conditional sales contract. The court stated that if the jury was satisfied beyond a reasonable doubt that Koller held a conditional sales contract, it should find Koller had a security interest in the property. The trial court was correct—a security interest was created in Koller upon execution of the conditional sales contract whether it was perfected or not. *See: General Motors Acceptance Corp. v. Whisnant* (5th Cir. 1968), 387 Fed. 2d 774; 1 Gilmore, *Security Interests in Personal Property,* pp. 351, 352, sec. 11.5. The perfection of a security interest determines the rights of the secured party against a subsequent creditor or lienholder; but perfection of the interest is not necessary to the creation of a security interest valid between the original parties. Tew was not a subsequent purchaser or a lienholder and cannot claim that sec. 943.25 (2) (a) requires a perfected security interest when perfection has no effect on his rights. If the security interest is valid against someone, that is all sec. 943.25 (2) (a) requires.

It is also argued Koller was contradictory concerning the documents and there are various discrepancies in the sales contract which warranted additional instructions on the nature of a valid security agreement. While Koller was possibly confused as to terminology, as he used "security agreement" to mean the forms used and necessary for perfecting his security interest and the term "conditional sales contract" when referring to the

"(2) Whoever, with intent to defraud, does any of the following may be fined not more than $1,000 or imprisoned not more than 2 years or both:

"(a) Conceals, removes or transfers any personal property in which he knows another has a security interest; or . . ."

security agreement, we find no inconsistency in his testimony. We do not consider the entry relating to the $200 down payment and the erroneous date of October 9th instead of October 12th go to the validity of the security interest as between Koller and Tew. We agree with the trial court that in instructing the jury on this minutiae would only have confused it.

Tew was arrested in October, 1969; the information was filed December 3, 1969; the trial was had and a sentence pronounced on February 24, 1970. During this time Tew spent 112 days in custody and contends he should receive credit for this period of detention in his sentence. The trial court gave him the maximum sentence of two years and thus it is apparent the trial court did not credit his sentence with the time spent in jail awaiting trial. The American Bar Association's *Standards Relating to Sentencing Alternatives and Procedures* (Approved Draft, 1968), at p. 186, sec. 3.6 (a), provides that a mandatory credit should be given for pretrial detention.[4]

In a somewhat analogous situation in *State v. Leonard* (1968), 39 Wis. 2d 461, 159 N. W. 2d 577, we stated credit for interim detention on reprosecution was a matter of fair play as well as statutory requirement (sec. 958.06 (3) (b), Stats.).[5] However, because sec. 973.15,

---

[4] "**3.6 Credit.**

"(a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed."

*See also: Model Penal Code*, sec. 7.09 (American Law Institute, 1962), providing credit for pretrial or post-trial detention.

[5] This section was replaced by sec. 973.04 which provides the department shall credit a defendant with confinement served prior to a new trial if a new sentence is imposed.

formerly sec. 959.07, of the new Criminal Code [6] provides the time spent in a county jail after sentence before arrival at the reception center does not count toward the term of imprisonment, the time spent in the county jail prior to sentencing likewise cannot be applied to the term of imprisonment. In *Cheney v. State* (1969), 44 Wis. 2d 454, 171 N. W. 2d 339, 174 N. W. 2d 1, we held it was for the legislature to adopt a rule such as the ABA Standard sec. 3.6 requiring a mandatory credit.

In *Farley v. State* (1971), 50 Wis. 2d 113, 116, 183 N. W. 2d 33, in a dissenting opinion, this author and Mr. Justice WILKIE favored adopting the ABA Standard but applying it as a relevant factor in the trial judge's exercise of discretion in sentencing and not as a mandatory credit. This approach was a recognition of what many trial judges now do in Wisconsin.

While we do not now adopt this ABA Standard as a mandatory credit in sentencing, we do recognize the principle that incarceration prior to sentencing is a proper factor to be taken into consideration by the sentencing judge. Some of the factors this court has recognized as properly considered in sentencing have been: A past record of criminal offenses, *Brown v. State* (1971), 52 Wis. 2d 496, 190 N. W. 2d 497; a history of undesirable behavior patterns, *Triplett v. State* (1971), 51 Wis. 2d 549, 553, 187 N. W. 2d 318; *Deja v. State* (1969), 43 Wis. 2d 488, 168 N. W. 2d 856; the defendant's personality, character and social traits, *Waddell v. State* (1964), 24 Wis. 2d 364, 368, 129 N. W. 2d 201;

---

[6] Under sec. 973.15, Stats. (formerly sec. 959.07) of the new criminal procedure code, sentences are declared to commence at noon on the day of sentence, but the time spent in county jail after sentence before arrival at the reception center does not count toward the term of imprisonment. It would, therefore, seem the computation of the statutory maximum sentence could not begin on any other day.

*Deja v. State, supra,* at 493; *State v. Morales* (1971), 51 Wis. 2d 650, 658, 187 N. W. 2d 841; the results of a presentence investigation, *State v. Schilz* (1971), 50 Wis. 2d 395, 184 N. W. 2d 134; *State v. Burgher* (1972), 53 Wis. 2d 452 at 457, 192 N. W. 2d 869; the vicious or aggravated nature of the crime, *State v. Wells* (1971), 51 Wis. 2d 477, 187 N. W. 2d 328; *State v. Schilz, supra,* at 402; the degree of the defendant's culpability, *State v. Schilz, supra,* at 402; the defendant's demeanor at trial, *State v. Schilz, supra,* at 403; the defendant's age, educational background and employment record, *State v. Cole* (1971), 50 Wis. 2d 449, 184 N. W. 2d 75; *State v. Schilz, supra,* at 402; the defendant's remorse, repentance and cooperativeness, *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512; *Finger v. State* (1968), 40 Wis. 2d 103, 113, n. 1, 161 N. W. 2d 272; the defendant's need for close rehabilitative control, *McCleary v. State, supra,* at 289; and the rights of the public, *Embry v. State* (1970), 46 Wis. 2d 151, 157, 174 N. W. 2d 521. To this list we now add as a proper factor in the sentencing discretion the length of pretrial detention.

In this case the court imposed the maximum two-year sentence. The presentence report showed Tew had previously been convicted of grand larceny, abandonment, concealing mortgaged property, and had served three years in the federal penitentiary at Leavenworth for transporting forged securities in interstate and foreign commerce. Tew's attorney pointed out to the court the length of defendant's pretrial incarceration and asked that it be considered. The court stated in passing sentence it had considered the arguments of counsel as well as the presentence report. The trial court did take the presentence incarceration into consideration and decided the maximum sentence was appropriate. We find no abuse of discretion.

There is no merit to Tew's contention he did not receive a speedy trial. The mere lapse of time between arrest and trial does not constitute a denial of this right. *Kopacka v. State* (1964), 22 Wis. 2d 457, 461, 126 N. W. 2d 78; *Williams v. State* (1971), 50 Wis. 2d 709, 714, 184 N. W. 2d 844. Before Tew can raise such a claim he must have made some affirmative demand that his case be brought to trial, *State v. Sawyer* (1953), 263 Wis. 218, 224, 56 N. W. 2d 811; *State v. Reynolds* (1965), 28 Wis. 2d 350, 354, 137 N. W. 2d 14; *Kopacka v. State, supra; Williams v. State, supra.* There is no indication of any such affirmative action in the record.[7]

Tew asked this court to reappoint his trial attorney as his appellate counsel; the court did so. He now challenges the competency of appointed counsel, but we find no merit in this contention. The complaint is not with the work of the counsel at the trial but with the delay of counsel during the appellate process. It is quite true, our clerk sent several sixty-day letters reminding counsel his progress reports were overdue. But his delay did not affect the quality of the brief. Tew has been adequately represented on this appeal, although the promptness of counsel's work on appeal leaves much to be desired. This case does point up, however, the need for appointed counsel to expeditiously perform the responsibilities under appointment by this court for indigents if he is to avoid the criticism of his client and of this court.

*By the Court.*—Judgment affirmed.

---

[7] Sec. 971.10 (2) (a), Stats., provides a specific procedure for such demand and requires a trial within ninety days of such demand in cases of felonies.