GREGORY, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 190. Argued May 7, 1974.—Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 319.)

---

[6] *Ryan v. Friede* (1962), 18 Wis. 2d 138, 142, 118 N. W. 2d 208.
* Motion for rehearing denied, without costs on August 1, 1974.

756

For the plaintiff in error there was a brief by *Patrick J. Devitt,* and oral argument by *Laurence E. Norton II,* both of Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *Christine M. Wiseman,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. The sole issue to determine on appeal is whether the actions of the trial court herein are constitutionally infirm for reliance in sentencing on the defendant's declaration of noncomplicity in the crime alleged during the sentence hearing.

The defendant contends that the trial court erred in relying on defendant's failure "to make a clean breast of things" in sentencing him. Such trial court action, he contends, penalized him for exercising his fifth amendment privilege against self-incrimination.

Here the trial court granted the defendant his statutory right of allocution. The colloquy that followed between the defendant and trial judge regarding the defendant's perpetration of the crime of armed robbery resulted only

from the defendant's assertion that he had reformed. We characterize the actions of the trial court as a mere interruption in a continued proclamation by the defendant of his desire for probation because of his lack of complicity in the armed robbery. While the actions of the trial court could be characterized as a statement of its belief as to the incredulity of the defendant, we find no evidence that the court's statements influenced the judge's discretion or that the judge abused his discretion in imposing sentence. The record fails to disclose any request by the trial judge that the defendant in fact admit his guilt.

The quoted statements of fact indicate that the trial court was concerned with the defendant's volunteered statements that he was innocent of the crime for which the jury convicted him. The trial court explained that such statements indicated that the defendant was not sufficiently rehabilitated at the point of sentencing to be a candidate for probation.

On at least two occasions the trial judge stated that there was no way in which he could compel a person, or should even attempt to compel a person psychologically to concede his complicity in an act. We find no evidence that the trial judge did not observe the defendant's constitutional rights.

We do not think the trial judge's imposition of sentence constituted an abuse of discretion. Armed robbery carries a penalty of not more than thirty years. The judge imposed only one tenth of the legislative maximum.

*By the Court.*—Judgment and order affirmed.