WILLIAMS, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–895–CR.   Submitted on briefs June 2, 1977.— Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 504.)

236

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Jan M. Hefti,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *William L. Gansner,* assistant attorney general.

CONNOR T. HANSEN, J. The issue presented for review is whether the trial court abused its discretion in sentencing the defendant.

The defendant contends that the reliance of the trial court upon the defendant's exercise of his fifth amendment right against self-incrimination in aggravation of the sentence constituted an abuse of discretion. We find no support in the record for this assertion.

The defendant freely admitted his guilt with respect to the forgery conviction. However, it is obvious, from the record that at the sentencing hearing he neither admitted that he committed the two armed robberies; revealed where he had obtained the checks he had admittedly uttered; nor identified his accomplices.

We do not set forth the statement of the trial court at the sentencing hearing; however, it is readily apparent that the trial court objectively considered the defendant's

past record of criminal offenses; history of undesirable behavior patterns; personality, character and social traits; results of the presentence report; vicious or aggravated nature of the crime of armed robbery; degree of culpability; demeanor at trial; educational background; employment record; remorse, repentance and cooperativeness; the rights of the public; and the length of pretrial detention. *State v. Tew,* 54 Wis.2d 361, 368, 195 N.W.2d 615 (1972).

The trial judge was well aware of the defendant's fifth amendment privilege because in his decision denying the defendant's postconviction motions he expressly recognized that the invocation of the privilege was a "one-way street"; that waiver of the right to silence may be used in mitigation of sentence, but that invocation of the right may not be used in aggravation of the sentence. *Scales v. State,* 64 Wis.2d 485, 496, 219 N.W.2d 286 (1974).

In *Scales, supra,* the trial court after trial and a verdict of guilty, invited the defendant therein to demonstrate remorse and to acknowledge responsibility for his crime. The defendant's failure to do so clearly resulted in a more severe sentence than would otherwise have been imposed. We remanded for resentencing, holding that the fifth amendment rights of the defendant had been abridged and consequently the trial court had abused its discretion in sentencing by placing undue influence on the defendant's refusal to confess guilt.

This court in *Scales, supra,* 496, *citing Thomas v. United States* (5th Cir. 1966), 368 Fed.2d 941, expressed the rationale:

"The court in *Thomas* vacated the sentence and remanded for resentencing because, when the defendant remained silent, '[H]e paid a judicially imposed penalty for exercising his constitutionally guaranteed rights.' (P. 946) *Thomas* held that, when the defendant was

given the opportunity for allocution following the finding of guilty, the right of appeal remained open to him, and the court, citing numerous United States Supreme Court cases, stated, '[A]ppeal is . . . an integral part of the trial system for finally adjudicating the guilt or innocence of a defendant.' (P. 945) *Thomas* held that a defendant, even after conviction, could not be compelled to pay a price for the retention of his fifth amendment rights. In the instant case, Scales was obliged to pay that price."

See also: *Holmes v. State*, 76 Wis.2d 259, 274, 275, 251 N.W.2d 56 (1977).

Neither *Scales, supra,* nor *Thomas, supra,* held that it was improper or an abuse of discretion to consider on sentencing a defendant's remorse, repentance and cooperativeness. Indeed in *State v. Tew, supra; McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512 (1971) ; and *Finger v. State,* 40 Wis.2d 103, 161 N.W.2d 272 (1968), this court specifically held that such matters were proper considerations in sentencing.

The basis of the *Scales, supra,* and *Thomas, supra,* decisions was that the trial court in those cases gave undue and almost overwhelming weight to the defendant's refusal to admit guilt. The defendants in those cases were clearly penalized for their refusals. The record here does not reflect a similar result. The trial court did observe that the defendant refused to name accomplices and to admit guilt, but the trial court did not attempt at any time to force the defendant to do so. The trial court merely stated the fact of the defendant's lack of remorse, repentance and cooperation. There is here presented absolutely no evidence that the fact that the defendant failed to confess his guilt or to name his accomplices materially influenced the trial court's discretion or that the trial court in any other way abused its discretion in

sentencing. *See: Gregory v. State,* 63 Wis.2d 754, 218 N.W.2d 319 (1974) ; *Finger, supra.*

Our review of the record leads us to conclude that the trial court well articulated a deliberate and fair "process of reasoning" in arriving at the imposition of sentence. *McCleary v. State, supra,* 277. It reflects that the trial court engaged in a comprehensive and thorough consideration of the factors set forth in both *McCleary v. State, supra,* and *State v. Tew, supra.* The gravity of the offenses, especially the armed robberies; the character of the defendant; and the interests of the public, all were appropriately considered when imposing the sentences. The trial court observed that the defendant faced a possible maximum sentence of 70 years; however, it stated that because of the absence of a significant criminal record, the sentence imposed was less than it would have been otherwise. The defendant was also credited with pretrial detention time.

There is no indication in the record that the trial court placed undue or improper emphasis upon the defendant's exercise of his fifth amendment rights. The trial court did not abuse its discretion in sentencing the defendant.

*By the Court.*—Judgments and order affirmed.