STATE of Wisconsin, Plaintiff-Respondent,

V.

Walter ALLISON, Jr., Defendant-Appellant.†

Court of Appeals

*No. 80–115–CR.  Argued October 15, 1980.—*
*Decided October 21, 1980.*
(Also reported in 299 N.W.2d 284.)

For the appellant, the cause was submitted on the brief of *David C. Niblack,* state public defender, and *Louis B. Butler, Jr.,* assistant state public defender, and oral argument by *Mr. Butler.*

For the respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *E. Gordon Young,* assistant attorney general, assisted by Richard Kravit, law clerk, Wis. Dept. of Justice, law student, Univ. Wis. Law School, and oral argument by *Mr. Young.*

Before Decker, C.J., Moser, P.J., and Cannon, J.

MOSER, P.J.   The sole issue in this case is whether the trial court abused its discretion during resentencing when it refused to give the defendant credit for time served on an unrelated conviction which was voided. We hold that the defendant was not entitled to such credit and therefore, there was no abuse of discretion.

---

† Petition to review denied.

On July 2, 1975, the defendant, Walter Allison, Jr. (Allison), was convicted of rape contrary to sec. 944.01 (1), Stats.,[1] and sexual perversion contrary to sec. 944.17.[2] He was sentenced to thirty years for the rape offense and four years for the sexual perversion offense, to run consecutively. Allison's sentence on the rape charge was subsequently reduced to twenty-nine years to give him credit for pretrial incarceration time.[3]

Allison had previously (in 1971) been convicted of one count of rape and one count of sexual perversion and served about twenty-one and one-half months for that conviction. On July 30, 1979, the 1971 conviction was overturned.[4]

Thereafter, Allison moved for resentencing on the 1975 conviction claiming that the invalidation of the 1971 conviction entitled him to receive credit for time already served on the 1971 conviction. A resentencing hearing was held on January 9, 1980. At that hearing, the court reimposed the same sentences (twenty-nine years for rape; four years for sexual perversion) citing various

---

[1] At the time this offense occurred, sec. 944.01(1), Stats., was the rape statute. That section was repealed by ch. 184, Laws of 1975. The crime formerly known as "rape" is now denominated "sexual assault" and is prohibited by sec. 940.225, created by ch. 184, Laws of 1975, amended by ch. 173, Laws of 1977, and ch. 24 and ch. 25, Laws of 1979.

[2] This section was amended by Laws of 1977, ch. 173.

[3] *See Byrd v. State*, 65 Wis.2d 415, 424–25, 222 N.W.2d 696, 701–02 (1974) requiring that credit be given for pretrial incarceration time where the sentence given is the statutory maximum. This rule was restated and refined in *Mitchell v. State*, 69 Wis.2d 695, 230 N.W.2d 884 (1975).

[4] The conviction was overturned in *Allison v. Gray*, 603 F.2d 633 (7th Cir. 1979) on the ground that the nonreciprocal notice of alibi statute was unconstitutional, making the exclusion of Allison's alibi reversible error.

reasons in support of its decision. All of the trial court's reasons are discretionary and approved.[5]

On appeal, Allison does not argue that the reasons for reimposing the prior sentences were improper. His only contention is that the court should have given him credit for time he had served on the voided 1971 conviction.

Allison cites *Tucker v. Peyton*[6] in support of his claim that the state must credit sentences remaining to be served on a valid conviction with the time served under a voided conviction.

Allison's interpretation of and reliance on *Tucker* is erroneous. The rule set forth in *Tucker* is that when a defendant is sentenced on consecutive sentences for related offenses and the earlier sentence is invalid, the later sentence must be advanced to the date it would have begun but for the intervening invalid sentence.[7] This does not mean that a defendant is entitled to credit for time spent on an invalid conviction against a later unrelated crime. This kind of credit was prohibited by the court in *Miller v. Cox*.[8] Allison correctly asserts that the *Miller* case is factually distinct from the case at hand. In *Miller* the defendant sought to receive credit for time served under a conviction which was voided *before* the later crimes were committed. The court refused to allow a defendant to obtain a "line of credit" for future crimes, stating that this was clearly against public policy. The factual differences in the *Miller* case do not destroy the applicability of its rule to this case. In fact, it has been held that a sentence imposed for the commission of an offense unrelated to the crime for which conviction was voided will not be reduced by the

---

[5] *State v. Tew*, 54 Wis.2d 361, 367–68, 195 N.W.2d 615, 619 (1972).

[6] 357 F.2d 115 (4th Cir. 1966).

[7] *Id.* at 116.

[8] *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971).

time served under the voided conviction.[9] Recognizing Allison's claim for credit would have the anomalous effect of rewarding the habitual criminal with credit while the person who does not commit a later crime is not similarly compensated.[10] Rewarding habitual criminality is clearly against public policy.

The court's refusal to credit Allison with the time spent under the 1971 voided conviction was proper.

*By the Court.*—Judgment affirmed.

---

[9] *Davis v. United States Atty. Gen.,* 432 F.2d 777, 778 (5th Cir. 1970); *Logan v. Superintendent,* 389 F. Supp. 1242, 1243 (E.D. Va. 1975).

[10] The only way to equalize the reward would be to allow the one time offender whose conviction is voided to obtain a "line of credit" for future crimes. This would directly violate the rule and the policy of *Miller, supra* note 8.

