SHERMAN, J.
¶1 In these consolidated appeals, the State appeals a circuit court order that awarded Richard Harrison sentence credit, pursuant to WIS. STAT. § 973.155 (2017-18),[1] for the initial confinement time that he served on two convictions that were each vacated while Harrison was then serving the initial confinement portion of the sentence on each respective vacated conviction. The court ordered that the initial confinement time that Harrison served for the two vacated convictions be credited toward extended supervision sentences that Harrison received in two cases that were not vacated and that were unrelated to the cases with the vacated convictions. Harrison was to begin serving the extended supervision time in each unvacated case after he completed serving the initial confinement portions of his sentences for the vacated convictions.
¶2 The State contends that the circuit court erred in awarding Harrison sentence credit, because the time Harrison spent serving initial confinement in first one, and then the other, case in which the convictions were subsequently vacated was not time "spent in custody in connection with the course of conduct for which the sentence was imposed" in the non-vacated cases, as required under WIS. STAT. § 973.155. We agree with the State on this point. This case does not involve sentence credit, because the courses of conduct were different between the cases with the ultimately vacated convictions and the cases with the never vacated convictions.
¶3 However, adopting the reasoning in persuasive authority addressing the sentence implications of vacated convictions and sentences, we conclude that the circuit court reached the correct practical result. This persuasive authority does not use a "sentence credit" concept to address the effect of time served on a vacated conviction, but instead an advance-the-commencement-of-valid-sentences concept. Under this approach, invalid sentence time is ignored, which has the effect of advancing to an earlier point on the timeline the commencement of all valid sentences. Applying the logic of this persuasive authority here, Harrison's periods of extended supervision in the two cases in which the convictions were not vacated should be deemed to have begun as soon as Harrison finished serving the initial confinement portion of his sentences in his only valid cases: the two in which his convictions were not vacated.
¶4 Accordingly, we reverse the circuit court order requiring the Department of Corrections to give Harrison sentence credit for the periods of initial confinement already served in the cases with the vacated convictions to reduce Harrison's periods of extended supervision in the cases in which the convictions were not vacated. We remand with the direction that the court order DOC to advance the commencement of the valid extended supervision periods in each of the cases in which the conviction was not vacated, so that these extended supervision periods begin on the dates on which Harrison completed serving the initial confinement portions of his sentences in each case in which the conviction was not vacated. In short, DOC is to remove the invalid initial confinement time in the vacated sentences from the calculations, treating those sentences as if they had never been imposed.
BACKGROUND
¶5 At issue in this case are sentences Harrison received in four separate criminal prosecutions. Harrison was sentenced at the same time, in December 2011, in Clark County Circuit Court case no. 2007CF115 (the 2007 case), and in Clark County Circuit court case no. 2008CF129 (the 2008 case). He received concurrent sentences of three years' initial confinement and three years' extended supervision. These are the two sentences that would remain in place because the convictions were not vacated.
¶6 We turn to the second two cases, in which the convictions were vacated. In Clark County Circuit Court case no. 2010CF88 (the 2010 case), Harrison was sentenced on January 4, 2012, to thirteen years' initial confinement and seven years' extended supervision. Harrison's sentence in the 2010 case was ordered to run consecutive to any other sentence. In Ashland County Circuit Court case no. 2011CF82 (the 2011 case), Harrison was sentenced on March 13, 2013, to thirty years' initial confinement and ten years' extended supervision. Harrison's sentence in the 2011 case was also ordered to run consecutive to any other sentence.
¶7 None of the facts underlying the criminal cases are pertinent to any issue that we address. However, it is important to know that it is undisputed that the course of conduct resulting in custody in the 2007 and 2008 cases is not the same course of conduct resulting in custody in either the 2010 or 2011 cases.
¶8 Harrison completed serving the confinement portion of his sentence in the 2007 case in September 2013. He completed serving the confinement portion of his sentence in the 2008 case in February 2014. Due to the consecutive nature of his sentences in the 2010 and 2011 cases, Harrison began serving the confinement portion of his sentence in the 2010 case immediately upon completion of his initial confinement in the 2008 case. The need to serve the consecutive initial confinement periods in the 2010 and 2011 cases delayed commencement of the extended supervision portions of the 2007 and 2008 case sentences.
¶9 Harrison appealed his conviction in the 2010 case. He prevailed in that appeal. See State v. Harrison , 2015 WI 5, ¶1, 360 Wis. 2d 246, 858 N.W.2d 372 (affirming this court's reversal of Harrison's conviction and remanding the case for a new trial). In June 2015, the circuit court dismissed the 2010 case on the prosecutor's motion and, in October 2015, the court entered an order vacating the judgment of conviction and sentence in the 2010 case. After the court vacated the conviction and sentence in the 2010 case, Harrison began serving the confinement portion of his sentence in the 2011 case.
¶10 Harrison filed a petition for habeas corpus in federal court seeking relief from his conviction in the 2011 case. He prevailed on that petition. See Harrison v. Tegels , 216 F. Supp. 3d 956 (W.D. Wis. 2016). On January 6, 2017, the circuit court entered an order vacating his conviction and sentence in the 2011 case.[2]
¶11 In August 2017, Harrison filed a petition for sentence credit, under WIS. STAT. § 973.155, in both the 2007 and 2008 cases. Harrison argued that the time he spent serving initial confinement for the 2010 case, and then the 2011 case, which we refer to collectively as "the 2010 and 2011 initial confinement period," should be credited against his extended supervision sentences in the 2007 and 2008 cases. The State objected, arguing that the 2010 and 2011 initial confinement period cannot be credited against Harrison's extended supervision sentences in the 2007 and 2008 cases because the 2010 and 2011 initial confinement period was not served in connection with the offenses for which he was convicted and sentenced in the 2007 or 2008 cases.
¶12 The circuit court determined that, because the 2010 and 2011 convictions and sentences had been vacated, Harrison "should receive credit for that time spent in prison [for] the [initial] confinement portion of" the 2010 and 2011 cases. The court ordered the DOC to adjust its records accordingly. The State appeals.
DISCUSSION
¶13 The State contends on appeal that the circuit court erred by granting Harrison sentence credit for the 2010 and 2011 initial confinement period, under WIS. STAT. § 973.155, to be used to offset periods of extended supervision in the 2007 and 2008 cases, because Harrison's confinement during the 2010 and 2011 initial confinement period was not in connection with the offenses for which Harrison was convicted and sentenced in the 2007 and 2008 cases. To repeat, section 973.155(1)(a) provides: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed."
¶14 Harrison argues that we should affirm the circuit court's order granting him sentence credit because, once his convictions and sentences in the 2010 and 2011 cases were vacated, there was no basis for his confinement during the 2010 and 2011 initial confinement period other than Harrison's courses of conduct giving rise to the 2007 and 2008 convictions. As a result, Harrison argues, his confinement during the 2010 and 2011 initial confinement period was "in connection with the course of conduct for which sentence [for the 2007 and 2008 cases] was imposed."
¶15 Harrison purports to rely on Tucker v. Peyton , 357 F.2d 115 (4th Cir. 1966), and State v. Zastrow , No. 2015AP2182, unpublished slip op. (Wis. App June 27, 2017), as support for his sentence credit-based argument.[3] We agree with Harrison that the reasoning actually used by the courts in these cases is persuasive in resolving this appeal. However, we disagree that this reasoning involves the awarding of sentence credit. Sentence credit is a well-defined statutory construct. See State v. Friedlander , 2019 WI 22, ¶42, --- Wis. 2d ----, --- N.W.2d at ----, and neither Tucker nor Zastrow applies the sentence credit statute, WIS. STAT. § 973.155. Instead, these cases call for the advancement of the start date of a valid sentence that is to be served consecutive to a sentence that has been vacated. We conclude that the rationale in these cases is sound. Our explanation begins with summaries of Tucker and Zastrow .
¶16 In Tucker , the defendant was given consecutive sentences on multiple convictions. Listed in chronological order, Tucker was convicted of and sentenced for the following: a conviction for grand larceny in 1942; a conviction for grand larceny in 1948; a conviction for breaking and entering in 1956; a recidivist sentence imposed after the 1956 conviction, because Tucker was a third-time offender; a conviction for escape in 1957; and a second conviction for escape in 1960. Tucker , 357 F.2d at 116-17. Assuming for purposes of appeal that Tucker's 1942 conviction was invalid, and with it the recidivist sentence, the court considered what should happen to the time Tucker was confined for the 1942 conviction and the recidivist sentence after 1956 , when the only valid sentences under which Tucker could still be held were the 1956 sentence and the two sentences for escape. Id. at 117-18.
¶17 The Tucker court did not treat the time that Tucker was confined for the 1942 conviction or the recidivist sentence as a credit to be applied against his remaining sentence time, but instead directed that the commencement dates for Tucker's sentences for the subsequent valid convictions must be calculated as if the invalid convictions and sentences had not been imposed. The Tucker court stated: "No one suggests that Tucker should be given current credit for the time he served as a ... recidivist. All that is involved is the computation of his obligation of service after 1956 with the elimination of invalid sentences." Id. at 118. And, with the invalid time eliminated from consideration, Tucker's 1957 escape sentence "must be advanced to the expiration in service of the 1956 sentence for breaking and entering, but not earlier than the date of imposition of the [1957] escape sentence. Service of the [1960] escape sentence would begin after service of the [1957 escape sentence], but not before the [1960 escape sentence] was imposed." Id.
¶18 In Zastrow , the defendant was given consecutive sentences involving initial confinement and extended supervision in two separate cases. Zastrow , unpublished slip op. ¶2. In the first case, in Winnebago County, Zastrow was sentenced on June 20, 2006, to two years' initial confinement and two years' extended supervision. In the second case, in Outagamie County, he was sentenced on October 18, 2006, to five years' initial confinement and four years' extended supervision, consecutive to time in the Winnebago case. Id. , ¶2. In January 2008, Zastrow's sentence (but not the conviction) in the Winnebago case was vacated. Id. , ¶3. The court in the Winnebago case subsequently imposed and stayed a new sentence of two years' initial confinement and two years' extended supervision, and placed Zastrow on three years' probation, to be served consecutive to all his other sentences. Id. On appeal, Zastrow argued that, because the original sentence in the Winnebago case was vacated, his sentence in the Outagamie case should have begun on October 18, 2006, the date that sentence was imposed. Id. , ¶5. The State argued, in contrast, that the initial confinement time that Zastrow served in the Winnebago case until that sentence was vacated should be credited toward Zastrow's new sentence in the Winnebago case. Id. , ¶9.
¶19 This court agreed with Zastrow. We reasoned that when Zastrow's original Winnebago sentence was vacated, that sentence "became void." Id. , ¶6. And, because the Winnebago sentence was void, the sentence " " 'lack[ed] force or effect and place[d] the parties in the position they occupied before entry of the [sentence].' " In other words, it was "as if there had been no [Winnebago County sentence]." " Id. (quoting State v. Lamar , 2011 WI 50, ¶39, 334 Wis. 2d 536, 799 N.W.2d 758 ; internal citation omitted). We reasoned that "[b]ecause the Winnebago County sentence ceased to exist once it was vacated, Zastrow's prison sentence in [the] Outagamie County case [ ] began on October 18, 2006, the date he was sentenced in that case."Id. , ¶7. We stated that our conclusion was consistent with Tucker , and directed the circuit court to order DOC to administratively adjust its records as to the Outagamie County case accordingly. Id. , ¶¶8-9.
¶20 We conclude that the reasoning in Tucker and Zastrow is logical, consistent with the Wisconsin statutory sentencing system, and applies here. The reasoning is that, when a case is vacated, rendering it and any corresponding sentence a nullity, and that case has not been revived, then subsequent, valid sentences are advanced to commence at those times the valid sentences would have commenced if the vacated sentence had not been imposed. It is not a question of awarding sentencing credit. Instead, it is a matter of advancing subsequent, valid sentences to commence at the appropriate earlier time, based strictly on valid sentence time. Applying that reasoning here, the extended supervision time in the 2007 and 2008 cases should be deemed to have commenced when the respective initial confinement time in the 2007 and 2008 cases ended. This approach, which is generally consistent with the circuit court's objectives in making the ruling challenged in this appeal, appears to us to fulfill all of the objectives of sentences that are not invalided, while avoiding unfairness to defendants.
¶21 The State argues that Tucker does not provide guidance in this case because this court "correctly recognized" in State v. Allison , 99 Wis. 2d 391, 299 N.W.2d 286 (1980), that "Tucker is limited to situations 'when a defendant is sentenced on consecutive sentences for related offenses and the earlier sentence is invalid.' " (quoting Allison , 99 Wis. 2d at 393 ). The State argues that "the rationale behind Tucker is not present" in this case because 2007 and 2008 cases did not involve conduct related to the conduct in the 2010 and 2011 cases.[4] We are not persuaded.
¶22 Allison involves the unusual situation in which a defendant attempts to transform previously served time that is ultimately deemed invalid into a "line of credit" that can be applied against any new, unrelated case. Id. Allison was convicted in 1971 of an offense, served his sentence for that offense, was free for a period of time, and then, in 1979, was convicted of unrelated new offenses. Id. at 392. While serving his sentence for the 1979 conviction, Allison's 1971 conviction was vacated. Id. Allison argued that the time he served for his 1971 conviction should be credited toward his sentence in the 1979 case. Id. In support of his argument, Allison relied upon Tucker . The Allison court determined that Allison's reliance on Tucker was misplaced, and in doing so, characterized Tucker as setting forth the rule "that when a defendant is sentenced on consecutive sentences for related offenses and the earlier sentence is invalid, the later sentence must be advanced to the date it would have begun but for the intervening invalid sentence." Id. at 393. The State focuses on the court's use of the phrase "for related offenses," and from that argues the rule in Tucker is limited to the situation in which time served on a valid sentence and the time served on a sentence eventually deemed to be invalid must be for the same course of conduct.
¶23 We question the Allison court's description of Tucker , which by all appearances involved a series of six separate, unrelated offenses, the first and fourth of which were invalidated while Tucker was incarcerated on sentences later in the sequence. See Tucker , 357 F.2d at 116-17. We see no discussion in Tucker that supports the Allison court's statement that the rule adopted in Tucker pertains to "consecutive sentences for related offenses." Allison , 99 Wis. 2d at 393 (emphasis added). If it was permissible for this court to withdraw or modify language from a prior published opinion, we might do so here. However, we cannot do so. See Cook v. Cook , 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) (court of appeals may not overrule, modify, or withdraw language from a prior published opinion).
¶24 However, assuming as true Allison's description of Tucker as addressing related cases, no statement in either Allison or Tucker undermines the logic of advancing the commencement date of a successive valid sentence, the underlying offense of which is unrelated to the offense or offenses underlying a vacated conviction and sentence that is earlier in the succession of sentences. And we perceive no reason to make such a distinction.
¶25 Harrison's sentences in the 2010 and 2011 cases both ceased to exist at the time each was vacated. It follows that Harrison's periods of extended supervision in the 2007 and 2008 cases began as soon as Harrison completed serving the initial confinement portion of his still valid sentences. We, therefore, conclude that Harrison's release date to extended supervision in the 2007 and 2008 cases should be calculated using those dates.
¶26 Accordingly, we reverse the circuit court order requiring the DOC to credit the periods of initial confinement already served in the 2010 and 2011 cases to reduce Harrison's periods of extended supervision in the 2007 and 2008 cases. We remand with the direction that the court order the DOC to advance the commencement of Harrison's extended supervision periods in the 2007 and 2008 cases, so that these extended supervision periods commence on the dates on which Harrison completed serving the initial confinement portions of his sentences in the 2007 and 2008 cases.
By the Court. -Order reversed and cause remanded with directions.
Not recommended for publication in the official reports.

Wisconsin Stat. § 973.155(1)(a) provides in pertinent part that "[a] convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

We note that, at the time of this writing, the Wisconsin Circuit Court Access website reflects that, after the court vacated Harrison's conviction and sentence in the 2011 case, the State was permitted to initiate proceedings to retry the case. In January 2019, Harrison entered a plea in that proceeding. As of March 19, 2019, sentencing on Harrison's plea was scheduled for May 2019. Neither party has drawn our attention to these pending proceedings, or to the prospect of them, in briefing or correspondence. We make two observations. First, in the event that Harrison is sentenced in a revived 2011 case, the normal rules regarding the service of confinement time before the service of extended supervision time should apply. Second, Harrison should be credited with all sentence credit in the 2011 case to which he is entitled under Wis. Stat. § 973.155.

Pursuant to Wis. Stat. Rule 809.23(3)(b), an unpublished opinion issued on or after July 1, 2009, that is authored by a member of a three-judge panel or by a single judge under Wis. Stat. § 752.31(2), may be cited for its persuasive value.

The State apparently intends to argue that the reasoning in Tucker could not apply here because the 2010 and 2011 initial confinement time that was served came later in time than the 2007 and 2008 initial confinement time that was served. Whatever the State precisely intends to argue along these lines, it fails for at least the reason that it does not take into account the fact the extended supervision time in the 2007 and 2008 cases had to follow service of the 2010 and 2011 initial confinement time.