COURT OF APPEALS
DECISION
DATED AND FILED

January 10, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1618-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF508

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEREMY RAY PEABODY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for St. Croix County: R. MICHAEL WATERMAN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jeremy Peabody appeals from a judgment convicting him of third-degree sexual assault and from an order denying his

postconviction motion. Peabody contends that he is entitled to resentencing because the circuit court imposed a maximum sentence based solely upon Peabody's refusal to admit guilt. We conclude that Peabody's sentence was properly based upon additional factors and therefore affirm.

## BACKGROUND

¶2 The State charged Peabody with incest based upon allegations that, on more than one occasion, Peabody drugged and then had sexual intercourse with Sarah.[1] Peabody eventually entered a no-contest plea to an amended charge of third-degree sexual assault. A Department of Corrections probation agent and an independent evaluator hired by the defense each prepared a presentence investigation report (the PSI and alternate PSI, respectively).

¶3 The PSI stated that Peabody "ardently denies sexually assaulting [Sarah]" and explained that "the only reason he took the plea deal is because he does not believe his counsel is doing anything to help him" and he "could not prove he did not commit [the sexual assault]." The alternate PSI similarly included Peabody's denial that he had any sexual contact with Sarah.

¶4 At the sentencing hearing, the circuit court first identified a series of aggravating factors that made the offense particularly serious. These included Peabody's relationship to Sarah, the number of assaults that had occurred over a

---

[1] This matter involves the victim of a crime. Pursuant to WIS. STAT. RULE 809.86(4) (2019-20), we use a pseudonym instead of the victim's name. To further protect the victim's identity, we will not identify her relationship to Peabody, other than as a person related to him in a degree within which marriage is prohibited in this state and to whom the incest statute would apply. *See* WIS. STAT. § 944.06 (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

period of two years, and Sarah's inability to protect herself after Peabody gave her methamphetamine. Nonetheless, the court recognized that Peabody had committed the offense during "a very dark place" in his life when he was using high levels of methamphetamine and that Peabody had since made significant progress toward recovery from his drug addiction.

¶5     The circuit court next considered the need to protect the public—including Sarah and other persons related to Peabody—from future harm. In the course of its discussion of this factor, the court noted that Peabody's "denial of what occurred here is alarming" because sex offenders who are "in denial" are "not receptive to treatment" and therefore, in the court's view, cannot be rehabilitated. The court further stated:

> You know, I have to be honest with you, Mr. Peabody, if you had told the authors of the PSI, if you had come to court today and you said, [y]ou know what? I admit it. This is what happened. I sexually assaulted [Sarah] but I was in a dark place then and using a lot of methamphetamines, I'm a different man today and I'm ready to get some help for what occurred, I'd be looking at your case very, very differently and I think probation would probably be more appropriate. But with you maintaining a denial that this ever occurred despite proof beyond a reasonable doubt that it did, it tells me that you're unlikely to be rehabilitated and that puts others at risk.

The court concluded that considering the damage to Sarah and society's view of this type of crime, "nothing short of a maximum sentence would be appropriate" and "[a]nything less would unreasonably depreciate the seriousness of what … occurred." The court then imposed the maximum available sentence of five years' initial confinement followed by five years' extended supervision.

¶6     Peabody moved for resentencing, alleging that the circuit court had erroneously exercised its discretion by imposing the maximum sentence based

almost entirely upon Peabody's refusal to admit guilt. At the postconviction hearing, the court reiterated its reasoning that Peabody's denial of responsibility went directly to whether Peabody could be successfully rehabilitated or would put the community at risk if he were placed on probation. The court then clarified that its prior statement that probation "would probably be more appropriate" if Peabody had admitted guilt did not mean that the court would, in fact, have imposed probation absent Peabody's denial of guilt. Rather, the court explained that it meant only to say that there were other circumstances under which it could have envisioned a probationary sentence. The court denied Peabody's postconviction motion. Peabody now appeals.

## DISCUSSION

¶7 When imposing a sentence, a circuit court should take into consideration relevant factors such as the severity of the offense and the character of the offender and should relate those factors to identified sentencing objectives such as the need for punishment, protection of the public, general deterrence, rehabilitation, restitution, or restorative justice. *See State v. Gallion*, 2004 WI 42, ¶¶39-46, 270 Wis. 2d 535, 678 N.W.2d 197. Generally speaking, a court has discretion to determine both what factors are relevant under the circumstances of the case and what weight to assign each relevant factor. *Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). However, the broad range of a court's sentencing discretion does not include consideration of clearly improper factors. *State v. Gayton*, 2016 WI 58, ¶¶23-24, 370 Wis. 2d 264, 882 N.W.2d 459.

¶8 When a defendant claims that a circuit court relied upon an improper factor at sentencing, he or she must prove by clear and convincing evidence that: (1) the factor was improper; and (2) the court actually relied upon it. *State v.*

*Harris*, 2010 WI 79, ¶¶32-34, 326 Wis. 2d 685, 786 N.W.2d 409. Under the clear and convincing evidence standard, a reviewing court must evaluate potentially inappropriate comments in the context of the sentencing transcript as a whole, to determine whether it is "highly probable or reasonably certain" the circuit court actually relied upon an improper factor. *Id.*, ¶¶35, 45.

¶9    Because a defendant has a constitutionally protected right against self-incrimination, it is improper to impose a harsher sentence *solely* because a defendant has refused to admit guilt. *Scales v. State*, 64 Wis. 2d 485, 496-97, 219 N.W.2d 286 (1974). It is proper to consider a defendant's refusal to admit guilt in the context of assessing other factors such as lack of remorse, however, as long as the court does not give "undue" or "almost overwhelming weight" to the refusal to admit guilt. *Williams v. State*, 79 Wis. 2d 235, 239, 255 N.W.2d 504 (1977).

¶10    Here, we conclude that Peabody has failed to demonstrate by clear and convincing evidence that the circuit court gave undue or almost overwhelming weight at sentencing to Peabody's failure to admit guilt. To the contrary, the court repeatedly emphasized that the primary reason it was imposing the maximum sentence was the seriousness of the offense. The court's consideration of Peabody's refusal to admit guilt was merely part of the court's assessment of what it deemed to be a secondary factor—i.e., the risk Peabody posed to public safety due to his low likelihood of rehabilitation. Taken in context, then, the court's comment that probation probably would have been more appropriate if Peabody had admitted guilt provided an explanation for why the court decided not to deviate downward from the sentence that it otherwise considered appropriate based upon the seriousness of the offense. Accordingly, we affirm the judgment of conviction and postconviction order.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.